OPINION
{¶ 1} Defendant-Appellant Martin Wenzler appeals his convictions and sentence for one count of attempted rape and two counts of gross sexual imposition. He also challenges the trial court's designation of him as a sexual predator. For the following reasons, we affirm the judgment of the trial court in part and reverse in part, remanding for a new sexual offender classification designation.
 I {¶ 2} Wenzler was indicted on one count of rape and two counts of gross sexual imposition. The gross sexual imposition charges arose from Wenzler rubbing the bare vaginas of his four- and five-year-old nieces. The rape charge was the result of Wenzler trying to force the younger girl to perform oral sex on him.
 {¶ 3} Wenzler filed a motion to have him found incompetent to stand trial. Following a hearing, the trial court overruled that motion. Wenzler filed a motion to suppress statements made to police, which the trial court also overruled. Pursuant to a plea agreement, Wenzler pled no contest to both counts of gross sexual imposition and to a reduced charge of attempted rape. The trial court designated Wenzler as a sexual predator and sentenced him to three-year sentences for each conviction, all to run concurrently. Wenzler promptly appealed.
 II {¶ 4} In his first assignment of error, Wenzler claims that the trial court erred in finding him competent to stand trial. A defendant is presumed competent unless it is proved by a preponderance of the evidence that, because of his present mental condition, he is incapable of understanding the nature and objective of the proceedings against him or in assisting in his own defense. R.C. 2945.37(G). See, also, State v. Carter
(2000), 89 Ohio St.3d 593, 603, 734 N.E.2d 345. When reviewing a trial court's determination of competency, the appellate court must determine whether the trial court's conclusion was supported by competent, credible evidence. State v. Williams (1986),23 Ohio St.3d 16, 19, 490 N.E.2d 906.
 {¶ 5} When the trial court is provided with divergent expert opinions regarding competency, as the trial court was here, the issue becomes one of credibility. Under such circumstances, "the weight to be given the evidence and the credibility of the witnesses are primarily for the judge" as the trier of fact.State v. DeHass (1967), 100 Ohio St.2d 230, 231,227 N.E.2d 212. Furthermore, great deference must be given to the trial court's assessment of witness credibility because the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections. Season's Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 6} The trial court heard the testimony of two expert witnesses. Dr. Hrinko noted that Wenzler graduated from high school through special education courses. He was able to hold a job and to maintain a valid driver's license. Wenzler helped his mother keep up the house and yard. He had his own bank accounts and was responsible for paying his own bills and for helping his mother to pay hers. More importantly, although Wenzler suffers from mild mental retardation, he had the basic factual knowledge of the charges, the possible pleas, and potential outcomes, and that he was able to assist his attorney in his defense. Resultantly, Dr. Hrinko opined that Wenzler was competent to stand trial. Dr. Barna reached the opposite conclusion and testified that Wenzler was not competent to stand trial because, although he had a rudimentary understanding of the legal process, he was unable to discuss possible legal strategies and defenses. However, we agree with the trial court that Dr. Barna employed an artificially high legal standard in forming his opinion. As the trial court stated, "[c]ompetency does not require a defendant to evaluate and discuss available legal defenses or to opine as to how his attorney should conduct his defense." Thus, we cannot fault the trial court for rejecting Dr. Barna's opinion.
 {¶ 7} We have fully reviewed the record and conclude that the trial court's finding of competency was supported by competent, credible evidence including Dr. Hrinko's report and the court's own observations of Wenzler's demeanor and behavior in the courtroom. Because the trial court's finding of competency was supported by competent, credible evidence, the trial court did not err in finding Wenzler competent to stand trial. Accordingly, Wenzler's first assignment of error is without merit and is overruled.
 III {¶ 8} In his second assignment of error, Wenzler argues that the trial court abused its discretion in overruling his motion to withdraw his no contest plea. Wenzler characterizes his motion as a pre-sentence motion, but he insists that his sentence was contrary to the plea agreement. In fact, Wenzler admits that he knew what his sentence was going to be before he moved to withdraw his plea. Therefore, the motion was properly treated as a motion to withdraw a plea after sentencing.
 {¶ 9} The decision of whether to grant a motion to withdraw a plea is left to the sound discretion of the trial court. Statev. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. Therefore, the court's decision will not be reversed unless the court's attitude was unreasonable, arbitrary, or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. That is not the case here.
 {¶ 10} A trial court does not abuse its discretion in denying a motion to withdraw a plea when: (1) the accused is represented by competent counsel; (2) the accused was afforded a full Crim.R. 11 hearing before he entered his plea; (3) the accused is given a complete, impartial hearing on the motion to withdraw; and (4) the court gave full and fair consideration to the request to withdraw. State v. Peterseim (1980), 68 Ohio App.2d 211, 214,428 N.E.2d 863.
 {¶ 11} In this case all of the Peterseim factors were met. First, Wenzler was represented by highly experienced, competent counsel. Second, Wenzler was afforded a full Crim.R. 11 hearing before his plea was accepted. A review of the plea hearing transcript reveals no evidence of any agreed sentence in this case. To the contrary, the record shows merely that the State did not object to Wenzler being placed on probation. In fact, Wenzler agreed that no such agreement or promise was made. Moreover, the trial court made it clear that the court was not bound by any agreement between Wenzler and the State. Furthermore, the plea form, which Wenzler went over with his attorney and signed, set forth the possible punishments, including incarceration. Thus, the sentencing colloquy and the plea form obviated any reasonable reliance on any sentence that Wenzler may have believed was being promised.
 {¶ 12} Third, the trial court held a full and fair hearing on Wenzler's motion to withdraw his plea. Both parties were permitted to fully argue their positions. See, e.g., State v.Mooty (Aug. 31, 2001), Greene App. No. 2000-CA-72. Finally, the record reveals that the trial court gave full and fair consideration to Wenzler's request and found that his reason for wanting to withdraw his plea was not legitimate and overruled his request. Significantly, it is well-settled that a defendant who has a change of heart about his plea should not be permitted to withdraw it just because he learns that a more severe sentence is going to be imposed than he expected. See, e.g., State v. Drake
(1992), 73 Ohio App.3d 640, 645, 598 N.E.2d 115; State v.Lambros (1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632.
 {¶ 13} Accordingly, we cannot conclude that the trial court abused its discretion in denying Wenzler's motion to withdraw his plea. His second assignment of error is without merit and is overruled.
 IV {¶ 14} In his third assignment of error, Wenzler insists that the trial court erred in overruling his motion to suppress incriminating statements made to Detective Merriman. In support, Wenzler claims that he was subjected to a custodial interrogation without being read his Miranda rights. Primarily, however, he argues that due to his mental retardation, the questioning was inherently coercive. We disagree.
 {¶ 15} Miranda warnings are required only when there is a custodial interrogation. Miranda v. Arizona (1966),384 U.S. 436, 86 S.Ct. 1602. An individual is in custody when there has been a formal arrest or a restraint of freedom of movement such that a reasonable man would believe that he is under arrest.State v. Biros (1997), 78 Ohio St.3d 426, 440, 678 N.E.2d 891.
 {¶ 16} Wenzler voluntarily went to the police station to speak with Det. Merriman. When Wenzler arrived, Det. Merriman explained that he was not under arrest, that he did not have to talk to the officer, and that he could leave at any time. Wenzler stated that he understood, but that he wanted to talk to the detective. Throughout the interview, he was never placed under arrest. In fact, at the close of the interview, Wenzler was allowed to go home. Thus, it is clear that Wenzler was not in custody, and, therefore, Miranda warnings were not required.
 {¶ 17} In determining whether a pretrial statement is involuntary, a court "should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." Statev. Edwards (1976), 49 Ohio St.2d 31, 3 O.O.3d 18,358 N.E.2d 1051, paragraph two of the syllabus. "Deficient intelligence is but one factor in the `totality of circumstances' to be considered in determining the voluntariness of a confession. While a defendant's mental condition is a significant factor in the voluntariness calculus, it `does not justify a conclusion that a defendant's mental condition, by itself and apart from its relation to official coercion, should ever dispose of the inquiry into constitutional `voluntariness.'" State v. Lynch,98 Ohio St.3d 514, 2003-Ohio-2284, ¶ 55, citing Colorado v. Connelly
(1986), 479 U.S. 157, 164, 107 S.Ct. 515, and Annotation, Mental Subnormality of Accused as Affecting Voluntariness or Admissibility of Confession (1981), 8 A.L.R.4th 16. See, also,Colorado v. Connelly (1986), 479 U.S. 157, 164, 107 S.Ct. 515.
 {¶ 18} In this case the single interview was neither lengthy, nor intense. To the contrary, it was very brief. There is no evidence of physical deprivation or mistreatment. Nor were there any promises of leniency or other threats or inducements. In fact, the only factor that weighs in favor of a finding that the confession was involuntary is Wenzler's mild mental retardation. In accord with the above-cited case law, we will not find a confession to be involuntary based only upon a defendant's mild mental retardation.
 {¶ 19} Under the totality of the circumstances, it is clear that Wenzler voluntarily chose to make the incriminating statements to Det. Merriman. Accordingly, his third assignment of error is overruled.
 V {¶ 20} Finally, in his fourth assignment of error, Wenzler alleges that the trial court erred in classifying him as a sexual predator because the hearing was inadequate. After a review of the transcript, we agree that the trial court failed to articulate its reasons for the sexual predator designation. Accordingly, we must reverse the sexual predator designation and remand the matter for reconsideration.
 {¶ 21} In State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247, the Ohio Supreme Court adopted a three-part model for sexual offender classification hearings. The Supreme Court stated in the third part, "the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Id., at 166. See, also, State v.Thompson, 91 Ohio St.3d 584, 588, 2001-Ohio-1288.
 {¶ 22} In this case the trial court failed to discuss on the record the particular evidence and factors upon which it relied in making its determination that Wenzler is likely to engage in the future in one or more sexually oriented offenses and is therefore a sexual predator. For that reason, the trial court's sexual predator designation will be reversed, and the matter will be remanded for a new sexual offender classification designation. Issues regarding weight and sufficiency of the evidence are premature and will not be considered at this time.
 {¶ 23} Wenzler's fourth assignment of error is sustained.
 {¶ 24} For the foregoing reasons, we affirm the judgment of the trial court in part and reverse in part. Wenzler's convictions for two counts of gross sexual imposition and one count of attempted rape will be affirmed. His designation as a sexual predator will be reversed and the matter remanded for a new classification determination consistent with this opinion
Fain, P.J., and Wolff, J., concur.