OPINION
{¶ 1} Defendant-Appellant David Fulton appeals from his conviction and sentence in the Common Pleas Court of Miami County for three counts of rape in violation of R.C. 2907.02(A)(2). The charges arose from three separate instances in 2005 during which Fulton had sexual intercourse with his youngest daughter, who was 13 years old at the time of the offense. *Page 2 
 {¶ 2} Fulton entered into a plea agreement with the State, whereby he pleaded guilty to three counts of rape under R.C. 2907.02(A)(2) in exchange for a recommendation of concurrent sentencing on all counts. On July 24, 2006, Fulton appeared in court for both a classification hearing pursuant to R.C. 2950.01 et seq. and sentencing. The trial court found Fulton to be a sexual predator under R.C. 2950.09(B) and a sexually oriented offender under R.C. 2950.09(E). In addition, the court sentenced Fulton to ten years in prison for each conviction, with the sentences to run concurrently. As part of the sentence, the trial court also ordered Fulton to be placed on five years of post-release control, subject to 27 expressly designated conditions. It is from this decision that Fulton has timely appealed.
 I {¶ 3} In his first assignment of error, Fulton contends that the trial court erred in designating him as a sexual predator because the court failed to undergo the necessary analysis and articulate its reasons for such designation. Fulton also argues that the appropriate classification was aggravated sexually oriented offender, where his conviction of rape under R.C. 2907.02(A)(2) constitutes an aggravated sexually oriented offense.
 {¶ 4} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." In determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, all of the following: (1) the offender's age; (2) the *Page 3 
offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (3) the age of the victim; (4) whether the sexually oriented offense involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender completed any sentence for a prior criminal offense, and if the prior offense was a sex offense or sexually oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim, and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (9) whether the offender, during the commission of the sexually oriented offense, displayed cruelty or made one or more threats of cruelty; and (10) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3). Upon reviewing the testimony and evidence presented at a sexual-predator hearing and considering the factors specified in R.C. 2950.09(B)(3), the trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Id.
 {¶ 5} In State v. Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881, the Supreme Court of Ohio adopted a three-part model procedure for sexual-offender classification hearings that it encouraged trial courts to follow. According to the court, there are three objectives in a model sexual-offender classification hearing: (1) it is critical that a record be created for review; (2) an expert may be required to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses; and (3) the trial court should consider the statutory *Page 4 
factors listed in [former R.C. 2950.09(B)(2)] and should discuss on therecord the particular evidence and factors upon which it relies inmaking its determination regarding the likelihood of recidivism. (Emphasis added.) Id. at 166, citing State v. Thompson (1999),140 Ohio App.3d 638, 748 N.E.2d 1144.
 {¶ 6} Here, the trial court failed to discuss on the record the particular evidence and factors upon which it relied in determining that Fulton is likely to engage in sexually oriented offenses in the future and, therefore, should be designated a sexual predator. Instead, the trial court simply stated at the classification hearing that "[b]ased upon the applicable law, I find that the Defendant is a Sexual Predator." (Hr'g Tr. at 3.) Likewise, in its judgment entry following the classification hearing, the trial court merely checked the boxes indicating that clear and convincing evidence demonstrated Fulton to be a sexual predator and an aggravated sexually oriented offender. At no point did the court make any findings of fact. Because we are left without any reasoning as to how the trial court determined Fulton's likelihood of recidivism, the trial court's sexual predator designation must be reversed and the matter remanded for a new sexual offender classification designation in which the trial court complies with theEppinger requirements. In so doing, we recognize that issues regarding the weight and sufficiency of the evidence are premature and not under consideration in the present appeal. See State v. Wenzler, Greene App. No. 2003-CA-16, 2004-Ohio-1811, at ?22.
 {¶ 7} Fulton also contends that the trial court was required to classify him as an aggravated sexually oriented offender because his conviction of rape under R.C. 2907.02(A)(2) constitutes an aggravated sexually oriented offense. In support of his argument, he relies on R.C.2950.09(B)(4), which provides in part that "[i]n any case in *Page 5 
which the sexually oriented offense in question is an aggravated sexually oriented offense, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the offender's offense is an aggravated sexually oriented offense." According to Fulton, this statute mandates that a trial court classify one convicted of rape under R.C. 2907.02(A)(2) as an aggravated sexually oriented offender. See State v. Stillman, Delaware App. No. 04CAA07052,2004-Ohio-6974, at 1J80. We disagree.
 {¶ 8} Reading R.C. 2950.09(B)(4) in its entirety, we construe this statute to require a trial court to indicate that the subject offense was an aggravated sexually oriented offense, after determining that theoffender is a sexual predator. A trial court satisfies this requirement by specifying in the offender's sentence and judgment of conviction containing the sentence that the offense in question is an aggravated sexually oriented offense.
 {¶ 9} In the present matter, we find that the trial court fulfilled its duty under R.C. 2950.09(B)(4). Although it did not specifically list Fulton's offense as an aggravated sexually oriented offense, it did designate in both the judgment entry following the sex offender classification hearing and the entry imposing sentence that Fulton is an aggravated sexually oriented offender. Thus, we find no merit to this argument.
 {¶ 10} For the foregoing reasons, Fulton's first assignment of error is sustained in part.
 II {¶ 11} In his second assignment of error, Fulton claims that the trial court erred in imposing a maximum sentence. Specifically, Fulton argues that the record *Page 6 
demonstrates that he feels remorse for the crimes he committed, and that the likelihood of recidivism is minimal. Fulton also contends that the trial court lacked the authority to impose conditions as part of post-release control. According to Fulton, discretion to impose probationary conditions lies within the authority of the adult parole board, not the trial court.
 {¶ 12} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Supreme Court of Ohio held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. There, the court considered whether Ohio's felony sentencing statutes violated an individual's Sixth Amendment right to a trial by jury by mandating that underlying findings be made by the trial court before a sentence is imposed. Pertinent to the present matter, the court analyzed R.C. 2929.14, which establishes the ranges of prison terms for the five degrees of felonies, and found that R.C. 2929.14(C) violated the principle that an accused's sentence must be determined "`solely on the basis of facts reflected in the jury verdict or admitted by the defendant.'" Id. at ¶ 53, quoting Blakely v. Washington (2004),542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 13} R.C. 2929.14(C) provides that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, *Page 7 
and upon certain repeat violent offenders in accordance with division (D)(2) of this section." The court found that this section created "a presumption to be overcome only by judicial fact-finding," and, thus, was in violation of the principles set forth in Blakely. Id. at 1J64. To remedy this decision, the court excised the violative sections of the Revised Code and declared that judicial fact-finding is no longer required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission by the defendant. Id. at ¶ 99.
 {¶ 14} In light of the supreme court's opinion in Foster, we find that the trial court in the matter before us did not abuse its discretion in imposing a maximum sentence upon Fulton. The record reveals that the trial court considered the trial record, oral statements, any victim impact statements, and the Pre-Sentence Investigation Report ("PSI") to determine Fulton's prior criminal history, his likelihood of recidivism, and the seriousness of the offense before sentencing Fulton to three ten-year prison terms. According to the court, Fulton's prior criminal record, which includes a charge of disorderly conduct in 1990 and a charge and conviction for passing a bad check in 1994, in addition to his lack of remorse for the present offense, contributes to Fulton's likelihood of recidivism. Furthermore, the court found that the victim has suffered serious physical harm as a result of the offense.
 {¶ 15} Based upon our review of the record, we find that there is sufficient evidence to support the trial court's conclusions and sentence. Accordingly, we find that Fulton's argument regarding maximum sentencing lacks merit.
 {¶ 16} However, Fulton also contends under this assignment of error that the trial court lacked the authority to impose probationary conditions upon his release from *Page 8 
prison. According to Fulton, this authority lies solely within the discretion of the parole board.
 {¶ 17} R.C. 2929.19(B)(3) mandates that a sentencing court notify an offender sentenced for a first degree felony or for a felony sex offense that he or she will be supervised under section 2967.28 of the Revised Code after the offender leaves prison. While the trial court is authorized, and required, to put the offender on notice that he or she will undergo post-release control, the actual power to impose post-release control belongs to the Ohio Adult Parole Authority. See R.C. 2967.28. See, also, Watkins v. Collins (2006), 111 Ohio St.3d 425,2006-Ohio-5082, 857 N.E.2d 78, at ¶ 45 (notifying an offender about post-release control and including such in the trial court's sentencing entry empowers the adult parole authority to exercise its discretion).
 {¶ 18} Here, the trial court provided the following in its sentencing entry:
 {¶ 19} "Further, once Defendant is released from his term of incarceration at the Ohio Department of Rehabilitation and Corrections, Defendant shall be placed on Post Release Control for a period of five (5) years and he shall be subject to the following terms and conditions of said Post Release Control * * * ." Following this provision was a list of 14 Conditions of Supervision and 13 Special Conditions.
 {¶ 20} We find that this paragraph in the court's order purports to impose post-release control as opposed to merely advising Fulton that he will be subject to such control pursuant to R.C. 2929.19 and R.C.2967.28. See State v. Ober, Champaign App. No. 2003-CA-27,2004-Ohio-3568, at ¶ 14-15. As it is in the discretion of the parole board to impose probationary conditions that it finds to be appropriate at the time of Fulton's release from prison, we agree with Appellant that the trial court prematurely *Page 9 
imposed these conditions at the time of sentencing. Accordingly, Fulton's assignment of error is sustained in part. The entry of the trial court is modified to reflect only that Fulton will be subject to a five-year period of post-release control following his term of imprisonment.
 {¶ 21} Having sustained Appellant's first and second assignments of error, in part, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
 GRADY and DONOVAN, JJ., concur. *Page 1