OPINION
{¶ 1} Defendant-Appellant, S. R. B., appeals a judgment of the Miami County Common Pleas Court, Juvenile Division classifying him as a Juvenile Sex Offender Registrant/Tier III and subjecting him to community notification requirements. Appellant asserts that the trial court failed to make the appropriate finding under R.C. 2950.11(F)(2), that Appellant would have been subject to community notification under *Page 2 
the old law, and that the trial court failed to determine whether Appellant was a sexual predator under R.C. 2950.01(E)(1).
 {¶ 2} Because we find that an express finding is only required when the trial court determines that the offender is not subject to community notification, and because the community notification provisions are appropriate based upon the commission of an Aggravated Sexually Oriented Offense under the prior law, we affirm the judgment of the trial court.
 {¶ 3} On three different occasions between July 27, 2007 and December 30, 2007, sixteen year-old S. R. B. engaged in both oral and vaginal intercourse with an eleven to twelve year-old female. He was charged with three counts of delinquency by reason of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree if committed by an adult. Pursuant to a plea agreement, S. R. B. admitted to and was adjudicated on one of the three counts. Prior to disposition, a sex offender evaluation and a predispositional investigation report were completed; both suggesting that S. R. B. was a moderate risk to re-offend because of a history of sexual activity with girls in addition to the present victim, a significant history of anger, drug, and alcohol problems, and substantial prior involvement in Juvenile Court rehabilitation programs.
 {¶ 4} At disposition, contrary to the recommendation of the State, the Court permitted S. R. B. to remain in the community on probation, with outpatient sex offender treatment. The Court also classified S. R. B. as a Juvenile Sex Offense Registrant/Tier III sex offender, and the Court required Community Notification. It is from this judgment, ordering Community Notification, that Appellant brings this timely appeal, setting forth two assignments of error for our review. *Page 3 
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE APPROPRIATE FINDING UNDER OHIO REVISED CODE SECTION 2950.11(F)(2).
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION WHEN DETERMINING TO SUBJECT THE APPELLANT TO COMMUNITY NOTIFICATION REQUIREMENTS.
 {¶ 5} In the first assignment of error, S. R. B. argues that the trial court is required to make an affirmative finding that he would have been subject to community notification under the prior law, and in the second assignment of error, the appellant contends that the finding that the offense that S. R. B. committed was an aggravated sexually oriented offense may only be made after a determination that the offender is a sexual predator.
 {¶ 6} The enactment of the "Adam Walsh Law" by the Ohio legislature, has resulted in a confusing array of very poorly worded statutory provisions that require a trial court to constantly refer to the law in effect prior to the enactment of the Adam Walsh Law in order to apply the current law.
 {¶ 7} In this case, the offense that S. R. B. admitted required, by definition, that the court classify him as a Juvenile Offender Registrant/Tier III sex offender. See R.C. 2152.83(A)(1), R.C. 2950.01(A)(1), (G)(1)(a), (M). This classification is non-discretionary, *Page 4 
and is based upon the conviction for Rape, R.C. 2907.02(A)(1) (b) after January 1, 2002, while the offender was sixteen years old.
 {¶ 8} While the above classification is mandatory, the decision to impose the community notification requirements was discretionary with the trial court. R.C. 2152.83(C)(2) provides that after determining that the offender is a tier III offender, and after determining that he is not a public registry-qualified offender, that " * * * the judge may impose a requirement subjecting the child to the victim and community notification provisions of R.C. 2950.10 and 2950.11 of the Revised Code."
 {¶ 9} In determining whether to impose community notification, R.C. 2950.11(F)(2) provides that "[t]he notification provisions of this section do not apply * * * if a court finds at a hearing after considering the factors described in this division that the person would not be subject to the notification provisions of this section that existed immediately prior to [January 1, 2008] * * * ."
 {¶ 10} Appellant bootstraps this statutory requirement to make a finding, in the event the court determines that the offender would not have been subject to the community notification provision under the prior law, to suggest that the corollary affirmative finding ought to be required before the court may impose community notification. Because the statute does not require such an affirmative finding, we decline to add this requirement to the statute, and the first assignment of error will be overruled.
 {¶ 11} While the new law eliminates the prior provisions requiring the trial court to determine whether an offender is a sexual predator or a habitual sexual offender, the legislature apparently wants a juvenile sex offender to be subject to community *Page 5 
notification under the new law only if he would have been subject to community notification under the old law. Thus, the trial court is mandated to determine under repealed law what the result would have been in making its determination under the new law.
 {¶ 12} Under the prior law, R.C. 2950.11(F)(1), community notification provisions were applicable to a delinquent child in any of the following three categories: "(a) [t]he * * * delinquent child has been adjudicated a sexual predator * * * or has been adjudicated a child-victim predator * * *. (b) [t]he * * * delinquent child has been determined * * * to be a habitual sex offender or a habitual child-victim offender * * * (c) [t]he sexually oriented offense * * * is an aggravated sexually oriented offense, regardless of whether the offender has been adjudicated a sexual offender relative to the offense or has been determined to be a habitual sex offender."
 {¶ 13} R.C. 2950.01(O), as in effect immediately prior to January 1, 2008, defined "aggravated sexually oriented offense," among other things, as: " * * * a violation of division (A)(1)(b) of section 2907.02
of the Revised Code, committed on or after June 13, 2002 * * *." Therefore, by definition, the offense that S. R. B. admitted and for which he was adjudicated is an aggravated sexually oriented offense.
 {¶ 14} Appellant relies on language taken from State v. Fulton, Miami App. No. 06-CA-38, 2007-Ohio-4894, where this court stated that "[r]eading R.C. 2950.09 (B)(4) in its entirety, we construe this statute to require a trial court to indicate that the subject offense was an aggravated sexually oriented offense, after determining that theoffender is a sexual predator." Appellant says that the trial court here was required to determine that S. R. B. was a sexual predator before it could determine him to have committed an *Page 6 
aggravated sexually oriented offense. Id. at ¶ 8 (emphasis in original). This holding in Fulton is inapplicable herein.
 {¶ 15} In Fulton, the trial court determined the offender to be a sexual predator and an aggravated sexually oriented offender. Under the then existing law, there were different reporting requirements for sexual predators vis a vis aggravated sexually oriented offenders. Fulton argued that the trial court erred in making the sexual predator determination, and that this court should reverse that determination and allow him to be subject only to the reporting requirements applicable to an aggravated sexually oriented offender. We found error in the trial court's determination of the sexual predator status and remanded the case for a new sexual predator hearing. In this case, the reporting requirements, under the new law, are based upon the appellant's mandatory classification as a Tier III offender.
 {¶ 16} In this case, as of January 1, 2008, the applicable statute clearly provides that the trial court may impose the community notification provisions after a determination that under the prior law, the offender would have been either a sexual predator, a habitual sexual offender, or that he had been adjudicated for an aggravated sexually oriented offense. Because, by definition, the offense on which S.R.B. was adjudicated was an aggravated sexually oriented offense, the trial court was not required to determine whether he was also a sexual predator or a habitual sexual offender. Therefore, the trial court did not abuse its discretion in imposing the community notification provisions.
 {¶ 17} Appellant's second assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Miami County Common *Page 7 
Court, Juvenile Division is hereby affirmed.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
 BROGAN, J., and DONOVAN, J., concur. *Page 1