OPINION
{¶ 1} Appellant, A.R., appeals from a judgment entry of the Warren County Court of Common Pleas, Juvenile Division, classifying him as a juvenile offender registrant and habitual sex offender pursuant to R.C.2152.83(B).
 {¶ 2} On June 3, 2000, appellant, then 11 years old, was charged with rape in violation of R.C. 2907.02, a felony of the first degree. The victim was a six-year-old child. Pursuant to his admission to an amended charge of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree, appellant was adjudicated a delinquent child. He *Page 2 
was ordered to complete sex offender treatment and was placed on probation. On June 17, 2003, appellant was released from probation but placed on monitored time[1] until May 31, 2010, the date of his 21st birthday.
 {¶ 3} On June 23, 2003, a new complaint was filed against appellant, charging him with rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and gross sexual imposition in violation of R.C.2907.05(A)(4), a felony of the third degree. The offenses allegedly occurred on June 21, 2003, when appellant was 14 years old. The victim in this case was five years old.
 {¶ 4} On September 13, 2003, the gross sexual imposition charge against appellant was dismissed in exchange for appellant entering an admission to the rape charge. The trial court adjudicated appellant delinquent on the rape charge and committed him to the Ohio Department of Youth Services for a minimum period of one year and a maximum period not to exceed his 21st birthday. The court also adjudicated appellant delinquent for violating the terms of his monitored time and committed him to the legal custody of ODYS for a minimum term of six months and a maximum term not to exceed his 21st birthday.
 {¶ 5} The trial court ordered appellant to serve the commitments consecutively. However, the court suspended the commitments on the condition that appellant complete the sex offender treatment program at the Mary Haven Youth Center, comply with all court orders, and commit no further offenses. The court also ordered that the matter be scheduled for a sex offender registration hearing upon appellant's release from Mary Haven.
 {¶ 6} On June 28, 2004, appellant was adjudicated delinquent on a charge of attempted escape from Mary Haven. The trial court terminated appellant's commitment to *Page 3 Warren CA2006-09-112 that institution and ordered him to serve his previously suspended commitment to ODYS on the 2003 rape charge. The court further ordered that the matter be scheduled for a sex offender registration hearing upon appellant's release from ODYS.
 {¶ 7} On July 31, 2006, appellant was paroled from ODYS and placed on supervised release. On September 13, 2006, the trial court, over appellant's objection, held a juvenile sex offender classification hearing pursuant to R.C. 2152.83(B). At the conclusion of the hearing, the trial court issued a judgment entry classifying appellant as a juvenile sex offender registrant and habitual sex offender, and notifying him of his duty to comply with R.C. 2950.04, 2950.05,2950.06.[2]
 {¶ 8} Appellant now appeals, assigning the following as error:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN CONDUCTING A POST-DISPOSITIONAL SEXUAL CLASSIFICATION HEARING."
 {¶ 10} Appellant asserts that the trial court did not have authority to hold a juvenile sex offender classification hearing under R.C.2152.83(B) since the court was required to conduct such a hearing under R.C. 2152.82 at the time it issued an order committing him to ODYS's legal custody on June 28, 2004. Therefore, appellant argues, the trial court's decision to classify him as a juvenile sex offender registrant and to notify him of his duty to register as a sex offender was void.
 {¶ 11} Initially, we agree with appellant that the trial court erred by classifying him as a juvenile sex offender registrant and habitual sex offender under R.C. 2153.83(B) following his release from ODYS, instead of so classifying him under R.C. 2152.82(A) at the time the court *Page 4 Warren CA2006-09-112 adjudicated him delinquent as a result of the 2003 rape charge.
 {¶ 12} R.C. 2152.83(B)(1)[3] provides that the juvenile court that adjudicates a child delinquent may conduct a hearing to determine whether the delinquent child should be classified as a juvenile sex offender registrant at either the time of disposition or the time at which the delinquent child is released from a secure facilityif, among other things, the court was not required to classify the child as a juvenile sex offender registrant under R.C. 2152.82. See R.C.2152.83(B)(1)(c).
 {¶ 13} R.C. 2152.82 states in pertinent part:
 {¶ 14} "(A) The court that adjudicates a child a delinquent child shall issue as part of the dispositional order an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and2950.06 of the Revised Code if all of the following apply: *Page 5 
 {¶ 15} "(1) The act for which the child is adjudicated a delinquent child is a sexually oriented offense that is not a registration-exempt sexually oriented offense or is a child-victim oriented offense that the child committed on or after January 1, 2002.
 {¶ 16} "(2) The child was fourteen, fifteen, sixteen, or seventeen years of age at the time of committing the offense.
 {¶ 17} "(3) The court has determined that the child previously was convicted of, pleaded guilty to, or was adjudicated a delinquent child for committing any sexually oriented offense or child-victim oriented offense, regardless of when the prior offense was committed and regardless of the child's age at the time of committing the offense."
 {¶ 18} In this case, the trial court was required to classify appellant as a juvenile sex offender registrant under R.C. 2152.82 since all of the requirements for classifying appellant as a juvenile offender registrant under that section are met.
 {¶ 19} First, the act for which appellant was adjudicated delinquent, i.e., rape in violation of R.C. 2907.02, is a "sexually oriented offense." R.C. 2152.02(Y) states that "sexually oriented offense" has the same meaning as in R.C. 2950.01, which defines the term to include rape in violation of R.C. 2907.02. See R.C. 2950.01(D)(2)(a).
 {¶ 20} Second, rape is not a "registration exempt sexually oriented offense." R.C. 2950.01(Q) defines that term as meaning any "presumptive registration-exempt sexually oriented offense" unless the court removes the presumptive exemption. A "presumptive registration-exempt sexually oriented offense" does not include any sexually oriented offense that is committed by a person who has been previously adjudicated delinquent for committing any sexually oriented offense. R.C. 2950.01(P)(2). In this case, appellant had been previously adjudicated delinquent in 2001 for committing gross sexual imposition in violation of R. C 2907.05, which qualifies as a sexually oriented offense. See R.C. 2950.01(D)(2)(a).
 {¶ 21} Third, appellant committed the rape on June 23, 2003 and, therefore, the act *Page 6 
for which he was adjudicated delinquent was committed on or after January 1, 2002. See R.C. 2152.82(A)(1).
 {¶ 22} Fourth, appellant was 14 years old when he committed the rape for which he was adjudicated delinquent. See R.C. 2152.82(A)(2).
 {¶ 23} Fifth, as we have already mentioned, appellant had been previously adjudicated a delinquent child for committing a sexually oriented offense. Specifically, he was adjudicated delinquent in 2001 for gross sexual imposition in violation of R.C. 2907.05. See R.C.2152.82(A)(3).
 {¶ 24} Consequently, the trial court was obligated under R.C.2152.82(A) to issue an order classifying appellant as a juvenile sex offender registrant and specifying that he has a duty to comply with R.C. 2950.04, 2950.05, and 2950.06. See R.C. 2152.82(A). Moreover, because the trial court was required to classify appellant as a juvenile sex offender registrant under R.C. 2152.82, the court was not permitted to hold a juvenile sex offender registrant hearing under R.C.2152.83(B). See R.C. 2152.83(B)(1)(c).
 {¶ 25} The question remaining before us is whether the trial court's error in failing to classify appellant as a juvenile sex offender registrant under R.C. 2152.82(A) can be corrected in this case by remanding the matter to the trial court to hold the hearing required by that section, or whether appellant must be discharged from being classified as a juvenile sex offender registrant and from his duty to comply with the provisions in R.C. 2950.04, 2950.05, and 2950.06. For the reasons that follow, we conclude that the matter must be remanded to the trial court with instructions to enter a new disposition in the case pursuant to R.C. 2152.82(A).
 {¶ 26} In arriving at this decision, we have found relevant the Ohio Supreme Court's recent decision in State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, which states in pertinent part: *Page 7 {¶ 27} "The question presented is whether, when a court of appeals remands a case for resentencing because of the trial court's failure to inform the offender at the sentencing hearing that he may be subject to postrelease control, the court must conduct a new sentencing hearing or may instead merely give that information in open court and summarily reimpose the original sentence. We conclude that Bezak was entitled to a de novo sentencing hearing pursuant to [State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085].
 {¶ 28} "In Jordan, * * * this court resolved a conflict between appellate court decisions addressing trial courts that failed at sentencing hearings to inform offenders about postrelease control but incorporated the notice into a sentencing entry. Id. at ¶ 1. * * *.
 {¶ 29} "We * * * held that `[w]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence.' State v. Jordan, 104 Ohio St.3d 21 * * * at paragraph one of the syllabus.
 {¶ 30} "We next considered the question presented when a trial court fails to notify the offender of postrelease control at the sentencing hearing: Should the case be remanded for resentencing or should the postrelease control be eliminated from the offender's sentence? We held that `[b]ecause a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law.'" State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085 * * * at ¶ 23.
 {¶ 31} "We relied on our reasoning in State v. Beasley (1984),14 Ohio St.3d 74 * * * for the proposition that `where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant.' State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, * * * at ¶ 23.
 {¶ 32} "As a result, we held in State v. Jordan that `[w]hen a trial court fails to notify an
offender about postrelease control at the sentencing hearing but incorporates that notice into *Page 8 Warren CA2006-09-112 its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing.' Id. at paragraph two of the syllabus.
 {¶ 33} "Our decision in State v. Jordan controls in this case. * * * Here, Bezak was not informed about the imposition of postrelease control at his sentencing hearing. As a result, the sentence imposed by the trial court is void. `The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' (Citations omitted.)Romito v. Maxwell (1967), 10 Ohio St.2d 266, 267-268 * * *" Bezak
at ¶ 6-12.
 {¶ 34} The Bezak court summarized its holding as follows:
 {¶ 35} "We hold that when a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, as required by former R.C. 2929.19(B)(3), the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been no original sentence. When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." Id. at ¶ 16.
 {¶ 36} The Bezak court concluded by noting that because Bezak had already served the prison term ordered by the trial court, he could not be subject to resentencing in order to correct the trial court's failure to impose postrelease control at Bezak's original sentencing hearing. Id. at ¶ 18.
 {¶ 37} Although Bezak involved a trial court's error in sentencing a felony offender, we nonetheless consider the case to be instructive in this case where the trial court erred in *Page 9 Warren CA2006-09-112 imposing a disposition on a child who has been adjudicated delinquent.
 {¶ 38} Here, the trial court had a mandatory duty under R.C. 2152.82
to issue as part of the dispositional order in appellant's 2003 adjudication of delinquency for rape an order classifying appellant as a juvenile offender registrant and specifying that he has a duty to comply with the provisions in R.C. 2950.04, 2950.05, and 2950.06. R.C.2152.82(A). However, the trial court failed to comply with its mandatory duty under R.C. 2152.82, and, instead, improperly entered a disposition under R.C. 2152.83(B). Consequently, the disposition that the trial court imposed on appellant is void and must be vacated, with the matter remanded to the trial court to enter a new dispositional order in the case. See Bezak at ¶ 10 and 11.
 {¶ 39} Appellant may wish to argue that like the defendant inBezak who could not be subject to resentencing because he had already served the prison term ordered by the trial court, he should be similarly discharged from being classified as a juvenile sex offender registrant under R.C. 2152.82 because he has already served his commitment at ODYS.
 {¶ 40} However, while appellant was released from ODYS on July 31, 2006, the record indicates that appellant was paroled from ODYS and had a number of conditions placed on him as a result. Therefore, appellant has not completed the terms of his disposition, unlike the defendant inBezak who had completed his sentence. Instead, appellant remained subject to the juvenile court's continuing jurisdiction. See R.C.2152.22(G); cf. Bezak at ¶ 18.
 {¶ 41} Furthermore, in Bezak, the state was attempting to increase the defendant's punishment by subjecting him to postrelease control after he had been led to believe that he had already served his sentence. TheBezak court found that the defendant could not be resentenced in those circumstances. Bezak at ¶ 18.
 {¶ 42} In this case, by contrast, the state is not attempting to increase appellant's punishment by having him register under R.C.2950.04 following his release from ODYS. *Page 10 
The provisions of R.C. Chapter 2950 are not meant to punish a defendant or juvenile delinquent, but instead, to protect the safety of the public. See State v. Eppinger, 91 Ohio St.3d 158, 165, 2001-Ohio-247. Therefore, requiring appellant to register as a juvenile offender registrant under R.C. 2152.82 is not designed to increase his punishment, which was determined to be impermissible underBezak, but to protect the safety of the community where he will reside.
 {¶ 43} Consequently, appellant's case will be remanded to allow the trial court to enter a new disposition in his case in accordance with R.C. 2152.82, provided, of course, that the trial court not require appellant to serve an additional commitment to ODYS in addition to the commitment he has already served there for his 2003 adjudication of delinquency for rape.
 {¶ 44} Appellant's assignment of error is sustained to the extent indicated.
 {¶ 45} The trial court's judgment is reversed and this cause is remanded for a new dispositional proceeding in accordance with the law of this state.
YOUNG, P.J. and BRESSLER, J., concur.
[1] For purposes of R.C. Chapter 2152, "monitored time" has the same meaning as in R.C. 2929.01, which defines the term as meaning "a period of time during which an offender continues to be under the control of the sentencing court or parole board, subject to no conditions other than leading a law-abiding life." R.C. 2929.01(Z).
[2] R.C. 2950.04(A)(2) requires a child who has been adjudicated delinquent for committing a sexually oriented offense to register as a sex offender, R.C. 2950.05(A) requires such a child to give notice of his intent to change his address, and R.C. 2950.06(A) requires the child to periodically verify his current address.
[3] {¶ a} "R.C. 2152.83 states in pertinent part:
{¶ b} "(B)(1) The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility, a hearing for the purposes described in division (B)(2) of this section if all of the following apply:
{¶ c} "(a) The act for which the child is adjudicated a delinquent child is a sexually oriented offense that is not a registration-exempt sexually oriented offense or is a child-victim oriented offense that the child committed on or after January 1, 2002.
{¶ d} "(b) The child was fourteen or fifteen years of age at the time of committing the offense.
{¶ e} "(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code.
{¶ f} "(2) A judge shall conduct a hearing under division (B)(1) of this section to review the effectiveness of the disposition made of the child and of any treatment provided for the child placed in a secure setting and to determine whether the child should be classified a juvenile offender registrant. The judge may conduct the hearing on the judge's own initiative or based upon a recommendation of an officer or employee of the department of youth services, a probation officer, an employee of the court, or a prosecutor or law enforcement officer. If the judge conducts the hearing, upon completion of the hearing, the judge, in the judge's discretion and after consideration of the factors listed in division (E) of this section, shall do either of the following:
{¶ g} "(a) Decline to issue an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code;
{¶ h} "(b) Issue an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code and, if the judge conducts a hearing as described in division (C) of this section to determine whether the child is a sexual predator or child-victim predator or a habitual sex offender or habitual child-victim offender, include in the order a statement that the judge has determined that the child is, or is not, a sexual predator, child-victim predator, habitual sex offender, or habitual child-victim offender, whichever is applicable." *Page 1