OPINION
{¶ 1} Appellant, A.R., appeals from a judgment entry of the Warren County Court of Common Pleas, Juvenile Division, classifying him as a Tier III Sex Offender/Child Victim Offender Registrant ("Tier III Sex Offender") under Senate Bill 10, also known as the Adam Walsh Act, a law which was in effect on the date the juvenile court classified appellant on *Page 2 
remand from this court, but which was not in effect on the date he committed the sexual offense in question. This appeal challenges the jurisdiction of the juvenile court to classify appellant as a Tier III Sex Offender upon remand, and the constitutionality of Senate Bill 10.
 {¶ 2} On June 3, 2000, appellant, then 11 years old, was charged with raping a six-year-old child in violation of R.C. 2907.02, a first-degree felony. After he entered an admission to an amended charge of gross sexual imposition in violation of R.C. 2907.05, a felony of the third-degree, appellant was adjudicated a delinquent child, ordered to complete sex offender treatment and placed on probation. On June 17, 2003, appellant was released from probation and placed on monitored time that was scheduled to conclude on May 31, 2010, his 21st birthday.
 {¶ 3} Several days later, on June 23, 2003, a new complaint was filed charging appellant, then 14, with raping a five-year-old child in violation of R.C. 2907.02(A)(1)(b), a first-degree felony, and gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony. On September 13, 2003, the gross sexual imposition charge was dismissed after appellant agreed to enter an admission to the rape charge. Thereafter, the juvenile court adjudicated appellant delinquent on the rape charge and for violating the terms of his monitored time. As a result, the juvenile court committed appellant to the Ohio Department of Youth Services (DYS) for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed his 21st birthday for the charge of rape, as well as an indefinite term consisting of a minimum period of six months and a maximum period not to exceed his 21st birthday for violating the requirements of his monitored time. The juvenile court, after ordering him to serve the commitments consecutively, suspended his commitments on the condition that he complete the sex offender treatment program at the Mary Haven Youth Center, comply with all court orders, and commit no further offenses. The juvenile court also ordered a sex offender registration hearing to be scheduled upon *Page 3 
appellant's release from Mary Haven.
 {¶ 4} On June 28, 2004, appellant was again adjudicated delinquent after he attempted to escape from Mary Haven. The juvenile court, in response to appellant's latest behavior, terminated appellant's commitment to Mary Haven, ordered him to serve his previously suspended commitment to DYS on the 2003 rape charge, and ordered a sex offender registration hearing to be scheduled upon appellant's release from DYS.
 {¶ 5} On July 31, 2006, appellant was paroled from DYS and placed on supervised release. On September 13, 2006, the juvenile court, over appellant's objection, held a juvenile sex offender classification hearing pursuant to former R.C. 2152.83(B). At the conclusion of the hearing, the juvenile court issued a judgment entry classifying appellant as a juvenile sex offender registrant, habitual sex offender, and notified him of his duty to comply with former R.C. 2950.04,2950.05, 2950.06.
 {¶ 6} On September 22, 2006 appellant filed a notice of appeal with this court challenging the juvenile court's September 13th decision. Thereafter, in In re A.R., Warren App. No. CA2006-090-112,2007-Ohio-5191, we reversed the juvenile court's decision classifying appellant as a juvenile sex offender registrant pursuant to former R.C. 2152.83(B), and remanded the case to the juvenile court to enter a dispositional order in accordance with former R.C. 2152.82(A).
 {¶ 7} However, prior to our October 1, 2007 decision to reverse and remand the matter to the juvenile court to enter a proper disposition, appellant apparently completed his sex offender treatment and was discharged from any further parole obligations.[1] On January 28, 2008, the juvenile court, again over appellant's objections and in order to comply with our decision reversing and remanding the matter for a new disposition, as well as to apply the *Page 4 
newly-enacted classification requirements under Senate Bill 10, held another hearing where it classified appellant as a Tier III Sex Offender.
 {¶ 8} Appellant now appeals the juvenile court's judgment entry classifying him as a Tier III Sex Offender, raising five assignments of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE WARREN COUNTY JUVENILE COURT ERRED WHEN IT ENTERED A NEW DISPOSITION IN [A.R.'S] CASE AFTER HE HAD COMPLETED HIS JUVENILE DISPOSITION AND WAS DISCHARGED FROM PAROLE."
 {¶ 11} Appellant, although not explicit in his arguments, essentially argues that the juvenile court erred when it "resentenced" him on remand as a Tier III Sex Offender because (1) the juvenile court had no jurisdiction to classify him after he had already completed his original, although void, disposition, and because (2) he had a reasonable expectation of finality once he had completed his disposition, and therefore, the juvenile court's "resentencing" violated the Double Jeopardy Clause of the United States and Ohio Constitutions. We disagree.
 {¶ 12} Initially, appellant argues that the juvenile court did not have jurisdiction to "resentence" him because he had already completed his original disposition in May 2007, which we found void in his then pending appeal. See In re A.R., Warren App. No. CA2006-090-112,2007-Ohio-5191. This argument lacks merit.
 {¶ 13} Pursuant to the doctrine of the law of the case as summarized by the Ohio Supreme Court in Nolan v. Nolan (1984), 11 Ohio St.3d 1,3-4; a lower court is compelled to "follow the mandates of reviewing courts." In turn, "where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the *Page 5 
applicable law. Moreover, the trial court is without authority to extendor vary the mandate given." Id. (Emphasis added; citations omitted.)
 {¶ 14} Appellant, in support of his claim that the juvenile court lost jurisdiction to hold a hearing and to classify him as a Tier III Sex Offender, relies on In re Cross, 96 Ohio St.3d 328, 2002-Ohio-4183. However, based on our review of the record, we find that the ruling inCross distinguishable from the case at bar.
 {¶ 15} In Cross, the juvenile court re-imposed a minor's suspended sentence and committed him to a DYS facility after his release from probation and the successful completion of his disposition. Id. at ¶ 28-29. The Ohio Supreme Court, in reversing the court of appeals decision to re-impose the suspended sentence, found that "the completion of probation signals the end of the court's jurisdiction over a delinquent juvenile," and concluded by noting that, "[w]hen the court ended Cross's probation, it ended its ability to make further dispositions as to Cross on that delinquency count." Id.
 {¶ 16} In this case, however, and unlike Cross, the juvenile court did not attempt to re-impose a suspended sentence on appellant. Instead, the juvenile court was merely correcting an error and following our mandate from In re A.R. in which we remanded his case to the juvenile court so it could enter the proper classification in accordance with former R.C. 2151.82. As a result, when the juvenile court held a hearing on January 28, 2008 and classified appellant in accordance with the newly-enacted Senate Bill 10, a law that came into effect on January 1, 2008, the juvenile court was merely classifying appellant according to existing law, and in response to this courts mandate. Therefore, the juvenile court, in its attempt to classify appellant as a Tier III Sex Offender, was not re-imposing a suspended sentence on appellant as was found impermissible in Cross.
 {¶ 17} Appellant also argues that State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, a case which we distinguished in his previous appeal, is now applicable. In Bezak, the Ohio *Page 6 
Supreme Court held that a defendant could not be subject to a resentencing order to correct the trial court's failure to impose post-release control at his original sentencing hearing after completing the original prison term. Id. at ¶ 18. Again, we find this case distinguishable.
 {¶ 18} Here, although it is true that appellant completed the terms of his disposition, much like the defendant who completed his sentence inBezak, the state is not attempting to increase appellant's punishment by having him recommitted to DYS, placed on probation, or, as appellant claims, to "resentence" him. Instead, the juvenile court is merely correcting its earlier classification error and applying the newly-enacted Senate Bill 10. As a result, the juvenile court was not increasing appellant's punishment or "resentencing" him after his classification as was found impermissible under Bezak. Therefore, we again find that the ruling in Bezak is distinguishable from the case at bar.
 {¶ 19} Appellant also essentially argues that the juvenile court violated the Double Jeopardy Clause of the United States and Ohio State Constitutions by following our mandate to "resentence" him accordingly. This argument lacks merit.
 {¶ 20} The Double Jeopardy Clause protects persons from "(1) `a second prosecution for the same offense after acquittal,' (2) `a second prosecution for the same offense after conviction,' and (3) `multiple punishments for the same offense.'" State v. Roberts,119 Ohio St.3d 294, 2008-Ohio-3835, ¶ 11, citing North Carolina v. Pearce (1969), 395 U.S. 711, 719, 89 S.Ct. 2072. The threshold question in a Double Jeopardy analysis is whether the government's conduct involves criminal punishment. State v. Williams, 88 Ohio St.3d 513, 528, 2000-Ohio-428
(internal citations omitted).
 {¶ 21} Contrary to appellant's claim, the provisions of Senate Bill 10 are not meant to punish a defendant or juvenile delinquent, but instead, are civil in nature and are used to protect the safety of the public.State v. Williams, Warren App. No. CA2008-02-029, 2008-Ohio-6195, ¶ 111. As a result, the classification provisions are merely remedial and not *Page 7 
punitive, and therefore, could not violate the Double Jeopardy Clause. Id.
 {¶ 22} Finally, it should be noted that even if we had not remanded his case to the juvenile court to classify appellant, Senate Bill 10 requires the re-classification of all offenders who were classified prior to January 1, 2008. In re Smith, Allen App. No. 1-07-58,2008-Ohio-3234, ¶ 32; R.C. 2950.031; R.C. 2950.032. As a result, even without our remand and mandate, the juvenile court would have been obligated to re-classify appellant under the new classification system. Accordingly, the juvenile court had jurisdiction to classify appellant as a Sex Offender pursuant to Senate Bill 10, and therefore, appellant's first assignment of error is overruled.
 {¶ 23} Appellant's remaining assignments of error all deal with the constitutionality of Senate Bill 10, and therefore, will be addressed together.
 {¶ 24} Assignment of Error No. 2:
 {¶ 25} "THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO [A.R.], AS THE APPLICATION OF SENATE BILL TO [A.R.] VIOLATES HIS RIGHT TO DUE PROCESS AND GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 26} Assignment of Error No. 3:
 {¶ 27} "THE RETROACTIVE APPLICATION OF SENATE BILL 10 TO [A.R.] VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION."
 {¶ 28} Assignment of Error No. 4:
 {¶ 29} "THE RETROACTIVE APPLICATION OF SENATE BILL 10 TO [A.R.] VIOLATES THE SEPARATION OF POWERS DOCTRINE THAT IS INHERENT IN OHIO'S CONSTITUTION." *Page 8 
 {¶ 30} Assignment of Error No. 5:
 {¶ 31} "THE RETROACTIVE APPLICATION OF SENATE BILL 10 VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF THE OHIO CONSTITUTION."
 {¶ 32} In his remaining assignments of error, appellant argues that the application of Senate Bill 10 violates various constitutional provisions; specifically (1) the right to Due Process guaranteed by theFourteenth Amendment of the United States Constitution, and Section 16, Article I of the Ohio Constitution, (2) the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of Section 28, Article II of the Ohio Constitution, (3) the separation-of-powers doctrine inherent in the Ohio Constitution, and (4) the Double Jeopardy Clause of the United States Constitution and Ohio Constitution. Although appellant's remaining assignments of error all deal with the constitutionality of Senate Bill 10, the record indicates that he never raised these arguments to the juvenile court prior to his classification as a Tier III Sex Offender on January 28, 2008. As a result, appellant's constitutional arguments are waived and "need not be heard for the first time on appeal." State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Despite appellant's waiver, we have discretion to address appellant's constitutional arguments under a plain-error analysis. In re M.D.
(1988), 38 Ohio St.3d 149, 151; State v. Desbiens, Montgomery App. No. 22489, 2008-Ohio3375, ¶ 17. Accordingly, even though appellant failed to raise his constitutional arguments below, we choose to exercise our discretion and address his claims on appeal.
 {¶ 33} Further, and as an initial matter, with respect to the constitutionality of an enactment of the Ohio General Assembly, it is well-established that "statutes enjoy a strong presumption of constitutionality," and therefore, we begin our analysis with the strong presumption that Senate Bill 10 is constitutional. State v. Cook,83 Ohio St.3d 404, 409, *Page 9 1998-Ohio-291.
 Ex Post Facto, Separation-of-Powers, and Double Jeopardy {¶ 34} Appellant claims that Senate Bill 10 violates the Ex Post Facto Clause, the separation-of-powers-doctrine, and the Double Jeopardy Clause of the United States and Ohio State Constitutions. However, this court recently addressed these issues in State v. Williams,2008-Ohio-6195, in which we found that Senate Bill 10 does not violate the Ex Post Facto Clause, the separation-of-powers-doctrine, or the Double Jeopardy Clause of the United States and Ohio State Constitutions. Id. at ¶ 75, 102, 111. As a result, appellant's constitutional arguments in regard to the Ex Post Facto Clause, separation-of-powers doctrine, and Double Jeopardy Clause lack merit, and therefore, are overruled.
 Due Process {¶ 35} Next, appellant, in regards to his Due Process argument, claims that Senate Bill 10 is unconstitutional and violates his right to Due Process by imposing "punitive sanctions upon juveniles who have never committed a `criminal' offense" because it resembles "shaming punishments" and furthers the "traditional aims of punishment: retribution and deterrence." However, just as with his arguments regarding Ex Post Facto, separation-of-powers doctrine, and the Double Jeopardy Clause, appellant's claims were addressed by this court inWilliams, 2008-Ohio-6195, in which we found that Senate Bill 10 does not resemble "shaming punishments," nor promote the traditional aims of punishment — retribution and deterrence. Id. at ¶ 66, 72. Therefore, appellant's argument lacks merit.
 {¶ 36} Next, appellant claims that Senate Bill 10 is unconstitutional and violates his right to Due Process because it removed the juvenile court's discretion to determine his appropriate classification on a case-by-case basis, as was required under former R.C. 2152.82. However, appellant misinterprets Senate Bill 10 as it applies to a delinquent child. As the Ninth Appellate District found in In re G.E.S., Summit App. No. 24079, 2008-Ohio-4076, ¶ 37, *Page 10 
Senate Bill 10 "vests a juvenile court with full discretion to determine whether to classify a delinquent child as a Tier I, Tier II, or Tier III offender," because it "does not forbid a juvenile court from taking into consideration multiple factors * * * when classifying a delinquent child." (Emphasis sic.) Id., citing R.C. 2950.01(E)-(G). We agree with the Ninth Appellate District's reading of Senate Bill 10, and therefore, appellant's argument lacks merit.
 {¶ 37} However, although not explicitly in his argument, appellant implicitly argues that the juvenile court's failure to use its discretion in classifying him as a Tier III Sex Offender under Senate Bill 10 was in error. We agree, and therefore, even though we determined that appellant's constitutional rights were not violated, we nonetheless find that the matter must be reversed and remanded to the juvenile court.
 {¶ 38} In this case, the juvenile court, albeit without the guidance of In re G.E.S., mistakenly believed that it was required to classify appellant as a Tier III Sex Offender due to his prior adjudication for rape.[2] However, in light of our adoption of the Ninth District Court of Appeals' finding in In re G.E.S., which determined that Senate Bill 10 provided the juvenile court with full discretion in classifying a delinquent child, we find the juvenile court erred when it determined that it was required to classify appellant as a Tier III Sex Offender based solely on his prior adjudication for rape. Accordingly, we reverse and remand the juvenile court to conduct a new hearing and to use its full discretion in classifying appellant under Senate Bill 10, and in accordance with the law of this state.
 {¶ 39} Judgment reversed and remanded.
BRESSLER, P.J., and YOUNG, J., concur.
[1] Our review of the record revealed only a brief statement by the juvenile court noting appellant's release from parole to indicate that appellant was, in fact, actually discharged from his parole obligations in May 2007 Regardless, for the purposes of this appeal, we assume that appellant's claims are accurate.
[2] As the juvenile court stated at the January 28 hearing, "[t]he adjudication in this case was for a rape which under the Adam Walsh amendments required the court to classify [appellant] as a tier three sex offender." *Page 1