DECISION
{¶ 1} This appeal presents the narrow issue of whether a trial court has discretion to order a competency evaluation after a criminal trial has commenced. The trial court concluded, once the jury was impaneled, it had no authority to consider whether a second evaluation was necessary. This conclusion was wrong as a matter of law. Since the court failed to exercise its discretion based upon this misunderstanding of law, we reverse and remand for a new trial.
 {¶ 2} Mr. Zukowksi was standing trial on four felony counts of menacing by stalking. While the facts forming the basis of these charges are not relevant to the issue here, the procedural context of the case is. Prior to trial, Mr. Zukowski sought and received a competency evaluation under R.C. 2945.37. The court ultimately determined Mr. Zukowski was competent to stand trial, i.e., he was capable of understanding the nature and objective of the proceedings against him and capable of assisting in his defense. See R.C. 2945.37(G). Accordingly, the matter proceeded to trial.
 {¶ 3} After the state had presented its case, defense counsel advised the court that Mr. Zukowski wanted to take the stand in spite of counsel's advice to the contrary. A brief dialogue occurred between defense counsel, the court and Mr. Zukowski, with the result being defense counsel's motion for a second competency evaluation. Counsel's motion was based upon his client's aberrant behavior, irrelevant comments and, implicitly, upon his past history of mental problems.
 {¶ 4} Rather than reviewing the merits of the motion, the court concluded it had no authority to decide if a second competency evaluation was warranted since the jury was impaneled and they were "in the middle of a trial." The court stated:
I have no authority to do anything more than I have already done. I can't order him to take his medication. I can't force them to hold him down to take his medication.
And I would also point out that we are in the middle of a trial. All the evidence has been put on for the prosecution. It's time for the defense. We have a jury impaneled. And once the jury is impaneled and sworn, as I have often been known to say, there's no reverse gear in a trial, we have to go forward.
So I sympathize with your request, but I don't think there's any mechanics under which I can do it once having impaneled a jury.
 {¶ 5} The matter proceeded to a jury verdict of guilty, imposition of sentence and this appeal.
 {¶ 6} For his assignment of error, Mr. Zukowski contends:
THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONDUCT A COMPETENCY HEARING AFTER THE TRIAL HAD BEGUN THEREBY DENYING APPELLANT'S RIGHT TO A FAIR TRIAL UNDER BOTH THE OHIO AND FEDERAL CONSTITUTIONS.
 {¶ 7} R.C. 2945.37 provides the statutory basis and procedure for conducting a competency hearing. We review a court's decision on the merits of such a motion under a manifest weight of the evidence standard. See R.C. 2945.37(G). However, the issue before us does not involve whether the movant carried his burden of proof to establish his incompetence by a preponderance of the evidence. See Medina v. California (1992), 505 U.S. 437, rehearing denied, 505 U.S. 1244, placing the burden on the defendant to show that incompetence by a preponderance comports with due process. Rather, the issue here is whether the court has the authority to conduct an examination after the trial has started.
 {¶ 8} R.C. 2945.37(B), which answers that question, states:
In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section.If the issue is raised after the trial has commenced, the courtshall hold a hearing on the issue only for good cause shown or onthe court's own motion.
(Emphasis added.)
 {¶ 9} Admittedly, the court's decision on whether to hold a mid-trial competency hearing is normally admitted to the sound discretion of the trial court. See State v. Berry (1995),72 Ohio St.3d 354, 360, citing State v. Rahman (1986),23 Ohio St.3d 146, 156. However, the failure to exercise discretion in the mistaken belief it does not exist almost always amounts to reversible error. See Wolfe v. Wolfe (Nov. 22, 1989), Pickaway App. No. 88-CA-18. See, also, State v. Caudill (1991),75 Ohio App.3d 322, 334, Harsha, J., concurring in part and dissenting in part.
 {¶ 10} We acknowledge the Supreme Court of Ohio's holding inState v. Bock (1986), 28 Ohio St.3d 108, that the failure to hold a competency hearing is harmless error where the defendant participates in the trial and the record "fails to reveal sufficient indicia of incompetency." Id. at paragraph one of the syllabus. Because incompetency issues involve concepts of due process, see Lagway v. Dallman (N.D.Ohio 1992),806 F.Supp. 1322, we conclude the error must be harmless beyond a reasonable doubt before we label it nonprejudicial. See Chapman v.California (1967), 386 U.S. 18, 24, overruled on other grounds,Brecht v. Abrahamson (1993), 507 U.S. 619, 636-638; State v.Conway, 108 Ohio St.3d 214, 2006-Ohio-791, at ¶ 78; State v.Williams (1983), 6 Ohio St.3d 281, paragraph six of the syllabus, for the proposition that errors involving fundamental rights must be harmless beyond a reasonable doubt. Based upon Mr. Zukowski's nonresponsive rambling, incoherent nature of his comments to the court and his past history of incompetency, we cannot say that the court's failure to exercise its discretion in this instance was harmless beyond a reasonable doubt.
 {¶ 11} Thus, we reverse and remand for a new trial.
Judgment reversed and case remanded.
Abele and Kline, JJ., concur.
Harsha, Abele and Kline, JJ, of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.