## In re P.M.

[Cite as *In re P.M.*, 182 Ohio App.3d 168, 2009-Ohio-1694.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91922.

Decided April 9, 2009.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney and Jeffrey B. Lazarus, Assistant Public Defenders, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Pamela Bolton, Assistant Prosecuting Attorney, for appellee.

---

MELODY J. STEWART, Judge.

{¶ 1} Defendant-appellant, P.M., appeals a judgment of the Cuyahoga County Common Pleas Court, Juvenile Division, subjecting him to community-notification requirements as part of his classification as a Tier II juvenile sex offender registrant. Appellant asserts that the trial court erred in imposing community-notification requirements on him because the community-notification sanction is available only against Tier III offenders. Finding merit to appellant's argument, we reverse the judgment of the trial court.

{¶ 2} In November 2005, appellant was adjudicated delinquent on charges of domestic violence, kidnapping, and rape, and was committed to the Ohio Department of Youth Services ("ODYS"). This court affirmed the delinquency finding. *In re P.M.*, Cuyahoga App. No. 87671, 2006-Ohio-5917, 2006 WL 3234026.

{¶ 3} Before ordering appellant's release from ODYS's custody, the juvenile court conducted a juvenile sex offender classification hearing. Following that hearing, on July 11, 2008, the court announced its decision classifying appellant as a Tier II juvenile sex offender subject to registration and address verification requirements for 20 years. Additionally, the juvenile court determined that appellant was not a "public registry qualified juvenile offender registrant" and, therefore, was not required to register his information on a public database. Finally, the court ordered appellant subject to community-notification requirements. It is from this judgment that appellant appeals and assigns the following single error for our review.

{¶ 4} "I. The trial court erred in imposing community notification upon appellant as a part of his classification as a Tier II sex offender."

{¶ 5} Unlike the classification of an adult sexual offender, which occurs by operation of law and is based solely on the underlying offense, the classification of a juvenile sex offender is left to the sound discretion of the juvenile court. See *In re G.E.S.*, Summit App. No. 24079, 2008-Ohio-4076, 2008 WL 3413040. Only under limited circumstances may a juvenile offender be subject to community-notification provisions. R.C. 2950.11(F)(1). The juvenile court can impose community-notification only after classifying the juvenile as a Tier III offender. R.C. 2152.83(C)(2); R.C.2950.11(F). Additionally, even when the juvenile court classifies a juvenile offender as a Tier III sex offender, community notification is not automatic with juvenile offenders as it is with adult offenders. The juvenile court has discretion whether to impose community-notification provisions. R.C. 2152.83(C).

{¶ 6} Appellant does not challenge the trial court's determination that he is a Tier II sex offender. Appellant asserts only that the trial court imposed the community-notification provisions upon him in error. He asks that we vacate the offending part of the court's judgment.

{¶ 7} Appellee, the state of Ohio, concedes the trial court's error in imposing community notification upon appellant. The state does not, however, concede the remedy. Instead, the state asserts that the entire judgment must be reversed and the matter remanded to the trial court for a new classification hearing. The state argues that the juvenile court handed down a classification that is contrary to law, "akin to an illegal sentence," and that this renders the entire proceeding void. The state further argues that the error calls into question the trial court's true intentions, necessitating a new classification hearing. We are not persuaded by the state's reasoning.

{¶ 8} We note first that the state has not appealed the juvenile court's classification of appellant as a Tier II offender, although it had the right to do so. See *State v. Byrd*, Cuyahoga App. No. 85868, 2005-Ohio-5558, 2005 WL 2698360. Since appellant has appealed only the imposition of community notification and not the Tier II classification, the trial court's Tier II classification is unchallenged. Accordingly, there is no need for a new classification hearing.

{¶ 9} We are also not persuaded by the state's argument that the unwarranted addition of community notification is somehow analogous to the omission of a statutorily mandated term in a criminal sentence. Sex offender classification proceedings are civil in nature, not criminal. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264. Civil registration and notification provisions have been held to be de minimis administrative requirements, not criminal penalties. See *State v. Cook* (1998), 83 Ohio St.3d 404, 418, 700 N.E.2d 570.

{¶ 10} Both parties agree that the juvenile court has no authority under R.C. 2950.11(A) and 2152.83(C)(2) to impose community notification on a juvenile classified as a Tier II juvenile sex offender. Appellant's Tier II classification is unchallenged. Therefore, we find that the juvenile court's order of July 11, 2008, is valid except to the extent that it imposes community notification. Appellant's single assignment of error is sustained.

{¶ 11} The judgment is reversed, and this cause is remanded to the lower court with instructions to vacate the community-notification provisions imposed by the July 11, 2008 order.

Judgment reversed
and cause remanded.

BLACKMON, P.J., and JONES, J., concur.