**In re ANTWON C.**

[Cite as *In re Antwon C.*, 182 Ohio App.3d 237, 2009-Ohio-2567.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080847.

Decided June 5, 2009.

238

Elizabeth R. Miller, Office of the Ohio Public Defender, for appellant, Antwon C.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellee, state of Ohio.

MARK P. PAINTER, Presiding Judge.

{¶ 1} Antwon C., a minor, was adjudicated delinquent because of a sexual offense and was placed on probation. He violated his probation. The trial court committed him to a term in the Department of Youth Services ("DYS") and classified him as a Tier II sexual offender. Antwon now appeals. We affirm the delinquency adjudication and commitment, but we vacate his sexual-offender classification and remand this case to the trial court.

## I. Background

{¶ 2} In 2005, Antwon was adjudicated delinquent on a charge of gross sexual imposition.[1] At Antwon's dispositional hearing, the trial court suspended a commitment to DYS, placed Antwon on probation, and ordered him to complete the residential treatment program at Hillcrest in Cincinnati. The trial court continued Antwon's case for several weeks to determine his classification as a sexual offender. Between his dispositional hearing and his classification hearing, Antwon fled from the jurisdiction and went to Florida. The trial court issued a warrant for him.

{¶ 3} Soon after Antwon arrived in Florida, he was involved in an incident for which he was committed to a residential facility for two years. Antwon finished the program and was placed on probation in Florida. He finished high school, obtained employment, and enrolled in college.

{¶ 4} In June 2008, Antwon was stopped for speeding in Georgia. The police officer discovered that there was an outstanding warrant for Antwon in Ohio.

---

1. R.C. 2907.05.

Antwon was returned to Ohio. The trial court held dispositional hearings. In the first hearing, the magistrate classified Antwon as a Tier II sexual offender, noting that "[i]t's a mandatory classification." At a second hearing, Antwon was committed to DYS for a minimum of six months or for a longer period ending with his 21st birthday.

{¶ 5} In this appeal, Antwon asserts that the trial court erred by (1) violating his due-process rights by failing to provide notice, (2) committing him to DYS, (3) failing to exercise discretion when it classified him as a Tier II sexual offender, and (4) denying him effective assistance of counsel.

## II. Juv.R. 35 and Disposition

{¶ 6} Antwon argues that the trial court violated his due-process rights when it failed to comply with Juv.R. 35. He argues that the rule required the trial court to invoke its continuing jurisdiction and provide notice.

{¶ 7} Juv.R. 35 governs proceedings that take place after judgment. But Juv.R. 35 is not applicable to this case, because Antwon fled to Florida before the trial court had reached a complete judgment.

{¶ 8} At the last hearing attended by Antwon, the trial court continued the case for 17 days to hold a hearing on Antwon's sex-offender classification. But during those 17 days, Antwon fled to Florida, and the trial court was unable to address the final aspect of the case. Thus, the court was not required to comply with Juv.R. 35.

{¶ 9} Antwon also argues that the trial court erred by failing to impose the least restrictive disposition available. Under R.C. 2152.19(A)(4), the trial court had discretion to craft an appropriate disposition.[2] We will reverse only if we determine that the trial court's decision was unreasonable, arbitrary, or unconscionable.[3] Nothing in the record suggests that the court acted improperly. We overrule Antwon's first and second assignments of error.

{¶ 10} In his final assignment of error, Antwon argues that he was represented by ineffective trial counsel because his attorney failed to object to the trial court's failure to comply with Juv.R. 35. We have already determined that Juv.R. 35 did not apply. We overrule this assignment of error.

## III. Classification

{¶ 11} Antwon argues that the juvenile court failed to use discretion when classifying him a Tier II sexual offender. We agree, so we must reverse the classification.

---

2. *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, at ¶ 6.

3. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 12} R.C. 2950.01 creates three classification tiers for sexual offenders, each with a list of different enumerated offenses. For adult offenders, classification is automatic and based solely on the underlying offense.[4]

{¶ 13} Antwon argues in his brief—and the state conceded at oral argument—that the juvenile court has discretion to classify juvenile offenders under any of the three categories. Several Ohio appellate districts[5] and the Ohio Attorney General[6] have recognized that the statute treats juveniles differently.

{¶ 14} Since Antwon was 16 at the time of his offense, it was mandatory for the trial court to impose registration requirements on him.[7] But the trial court was required to hold a hearing to determine in which tier to classify Antwon.[8] If the tier classification was automatic for juveniles, it would have been pointless to hold a hearing to determine the classification—the trial court would have automatically assigned a tier after it had adjudicated Antwon delinquent for committing gross sexual imposition.

{¶ 15} Our conclusion is bolstered by a reading of R.C. 2950.01. Sections (E), (F), and (G) of the statute define the three tiers through lists of enumerated offenses. Subsections (1) and (2) of these sections apply to adults. For example, R.C. 2950.01(F)(1) defines a Tier II offender as a sex offender who "has been convicted of, or has pleaded guilty to" a list of enumerated offenses. The classification under subsection (F)(1) is based solely on the offense for which the adult has been convicted.

{¶ 16} In Ohio, juveniles are not convicted of crimes. Instead, they are "adjudicated delinquent" for committing crimes.[9] And R.C. 2950.01 provides an alternate means of classifying juvenile sex offenders. For example, R.C. 2951.01(F)(3) defines a Tier II sex offender as one who "is adjudicated a delinquent child for committing or has been adjudicated a delinquent child for

---

4. *In re G.E.S.*, 9th Dist. No. 24079, 2008-Ohio-4076, 2008 WL 3413040, at ¶ 37.

5. *In re Adrian R.*, 5th Dist. No. 08–CA–17, 2008-Ohio-6581, 2008 WL 5207301, at ¶ 17; *In re P.M.*, 8th Dist. No. 91922, 2009-Ohio-1694, 2009 WL 943527, at ¶ 5; *In re A.R.*, 12th Dist. No. CA2008–03–036, 2008-Ohio-6566, 2008 WL 5205648, at ¶ 36; *In re G.E.S.*, 9th Dist. No. 24079, 2008-Ohio-4076, 2008 WL 3413040, at ¶ 37. But see *In re Smith*, Allen App. No. 1–07–58, 2008-Ohio-3234, 2008 WL 2581667, at ¶ 31; *In re S.R.B.*, 2d Dist. No. 08–CA–8, 2008-Ohio-6340, 2008 WL 5104690, at ¶ 7.

6. *Smith*, supra (amicus brief of Ohio Attorney General Richard Cordray supporting neither party).

7. R.C. 2152.83(A).

8. R.C. 2151.831.

9. *State v. Hanning* (2000), 89 Ohio St.3d 86, 89, 728 N.E.2d 1059.

committing any sexually oriented offense and who a juvenile court * * * classifies a tier II sex offender/child-victim offender relative to the offense."

{¶ 17} In short, a juvenile sex offender is classified by being adjudicated delinquent *and* by being categorized by the trial court. The trial court has discretion to consider all relevant information and to appropriately categorize the juvenile.

## IV. Invited Error

{¶ 18} We understand why the magistrate originally classified Antwon and stated that the classification was "mandatory." In an amicus brief for a case before the Ohio Supreme Court on this issue, the Attorney General stated that a juvenile court has discretion to determine in which tier a delinquent child belongs. But he admitted that some of the confusion over the issue was the fault of the Attorney General's office as a result of its release of a document meant to provide guidance about sex-offender classification. Although that document stated that juvenile courts do not have discretion to determine tiers, the Attorney General, after reviewing the statute and various case law, concluded that the original interpretation was incorrect. The brief stated, "The relevant code provisions unmistakably afford discretion to the juvenile courts when fixing tier classification for juvenile offenders." [10]

## V. Appealability

{¶ 19} The state argues that the classification order is not appealable, because it is not a final order—a mandatory reclassification hearing had not been completed.[11]

{¶ 20} Juvenile sex offenders are afforded two classification hearings. First, under R.C. 2152.83, a juvenile is afforded a tier-classification hearing either as part of the child's disposition or, if the child is committed to a secure facility, when the child is released. Second, under R.C. 2152.84, when a child completes all aspects of the disposition, including probation and any ordered treatment, the trial court "shall conduct a hearing" to consider the risk of reoffending so that the trial court can determine whether the order to register as a sex offender should be continued or terminated. Further, at the reclassification hearing, the trial court must determine whether the specific tier classification in which the child has been placed is proper and if it should be continued or modified.

---

**10.** *In re Smith*, 120 Ohio St.3d 1416, 2008-Ohio-6166, 897 N.E.2d 652 (amicus brief of Ohio Attorney General Richard Cordray, at 12).

**11.** R.C. 2152.84(A)(1).

{¶ 21} In this case, the trial court erred in two ways. First, under R.C. 2152.831 it exercised no discretion when it categorized Antwon as a Tier II sexual offender. Failing to exercise discretion due to an incorrect impression that discretion does not exist is almost always reversible error.[12] Second, R.C. 2152.83(A)(1) tells us *when* a trial court should issue its classification order. If the juvenile does not serve time in a secure facility, the trial court "shall" issue the order as part of its disposition. But if the trial court commits a juvenile to a secure facility, the order "shall issue at the time of the child's release from the secure facility." [13]

{¶ 22} Thus, the court in this case should not have classified Antwon as a Tier II juvenile offender until he was released from DYS. We order the trial court to conduct a hearing and to exercise discretion to properly determine Antwon's sex-offender registration status upon his release from DYS under R.C. 2152.82(A)(1). Antwon shall also receive a reclassification hearing under R.C. 2152.84(A)(1) when he finishes any probation and treatment ordered by the trial court.

{¶ 23} For the foregoing reasons, we affirm Antwon's adjudication and commitment to DYS but reverse his sex-offender classification and remand the case to the trial court for the appropriate hearings to determine a sex-offender classification under the relevant statutes.

Judgment affirmed in part
and reversed in part,
and cause remanded.

SUNDERMANN and DINKELACKER, JJ., concur.

---

12. *State v. Zukowski,* 10th Dist. No. 06AP–46, 2006-Ohio-5299, 2006 WL 2869544, at ¶ 9.

13. R.C. 2152.83(A)(1).