[Cite as *In re T.F.*, 2010-Ohio-4773.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| In the Matter of: | : | Case No.: 09CA37[1] |
| T.F. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| Adjudicated Delinquent Child. | : | **Released 9/21/10** |

_____
<u>APPEARANCES</u>:

Timothy Young, Ohio State Public Defender, and Amanda J. Powell, Assistant Ohio State Public Defender, Office of the Ohio Public Defender, Columbus, Ohio, for appellant.

James B. Grandey, Highland County Prosecutor, and Anneka P. Collins, Highland County Assistant Prosecutor, Hillsboro, Ohio, for appellee.
_____
Harsha, J.

{¶1}    T.F. appeals the order of the juvenile court that classified him as a Tier III juvenile offender registrant.  T.F. was adjudicated a delinquent child after admitting that when he was fifteen he raped a younger family member.  After accepting his admission, the court ordered T.F. to remain in the custody of the Department of Youth Services (DYS).  Later, the court held a juvenile sex offender registration and notification hearing.  Subsequently, the court classified T.F. as a Tier III juvenile offender registrant.

{¶2}    In his first two assignments of error, T.F. complains that the court erred because (1) it did not realize that the decision to register him as a juvenile offender was

---

[1] T.F. originally filed a notice of appeal of the order of the juvenile court that adjudicated him delinquent. See Case No. 09CA35. He then filed a notice of appeal of the court's entry classifying him as a juvenile offender registrant.  See Case No. 09CA37.  Upon T.F.'s motion, we consolidated both appeals. However, T.F.'s appointed counsel asserts that she has not received the complete record of the delinquency case.  She therefore has filed a brief only on issues related to the juvenile offender registration.  Consequently, we have unconsolidated Case No. 09CA37 from Case No. 09CA35 and the appeal from the adjudication remains pending.

discretionary, and (2) it did not realize that it had discretion to determine which Tier it could classify him under, respectively. We find merit in both assignments of error.

{¶3} The judgment entry and the transcript of the hearing demonstrates that the court mistakenly believed it was required to hold a hearing to determine T.F.'s juvenile offender registrant status, as well as to classify T.F. as a Tier III offender registrant. Because T.F. was fifteen at the age he committed the rape, under R.C. 2152.83(B)(1), the court possessed discretion to classify T.F. as a juvenile offender registrant. The record reflects that the court did not recognize that it had discretion in this matter. Moreover, the record reflects that the court operated under the mistaken belief that because T.F. was adjudicated delinquent for rape, it was required to classify him as a Tier III offender registrant. Consequently, we sustain T.F.'s first and second assignments of error.

{¶4} In his remaining assignments of error, T.F. contends that S.B. 10, i.e., the 2007 Adam Walsh Child Protection and Safety Act (AWA), violates various constitutional provisions under the Federal and Ohio Constitutions and that trial counsel was ineffective for raising these arguments at the hearing. We have rejected these exact arguments in past cases. T.F. sets forth no new arguments nor cites any binding contrary authority. Although we recognize T.F.'s need to preserve these issues for further review, we see no reason to deviate from our prior decisions; thus, we summarily overrule these assignments of error.

## I. Facts

{¶5} A complaint in Highland County Common Pleas Court, Juvenile Division, alleged that T.F. was a delinquent child for violating R.C. 2907.02(A)(1)(b), i.e., rape,

and R.C. 2907.05(A)(4), i.e., gross sexual imposition.  The complaint indicated that T.F. had repeatedly engaged in sexual intercourse with a younger family member over the course of two years.  During an adjudication hearing, T.F. admitted to one count of rape that occurred in 2007 when he was fifteen years old.  The court accepted his admission, found him delinquent and committed him to the custody of DYS.

{¶6}    Soon after the commitment, DYS contacted the court and requested permission to transfer T.F. to Paint Creek Youth Center, a staff-secure DYS placement facility.  In response, the court scheduled a "JSORN" hearing (juvenile sex offender registration and notification).

{¶7}    At the onset of the hearing, the court informed T.F.'s parents that based on T.F's. admission to rape, the court had to classify T.F. as a Tier III juvenile offender registrant.  The Prosecutor concurred with this assessment.  Later, the Court filed an entry classifying T.F. as a Tier III juvenile offender registrant.  T.F. appeals from this entry.

## II.  Assignments of Error

{¶8}    T.F. assigns six errors for our review:

Assignment of Error I:

The trial court erred when it classified [T.F.] as a juvenile sex offender registrant, in violation of R.C. 2152.83(B)(1). (Nov. 19, 2009, T.pp. 4-22); (A-10); (A-12).

Assignment of Error II:

The trial court abused its discretion when it found that [T.F.'s] classification as a Tier III juvenile sex offender registrant was offense-based in violation of R.C. 2950.01(E)-(G). (Nov. 19, 2009, T.pp. 4-22); (A-10); (A-12).

Assignment of Error III:

The trial court erred when it applied Senate Bill 10 to [T.F.] as the law violates his right to equal protection under the law. Fourteenth Amendment to the United States Constitution; Article I, Section 2 of the Ohio Constitution. (Nov. 19, 2009, T.pp. 4-22); (A-10); (A-12).

Assignment of Error IV:

[T.F.] was denied the effective assistance of counsel as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. (Nov. 19, 2009, T.pp. 4-22); (A-10); (A-12).

Assignment of Error V:

The retroactive application of Senate Bill 10 to [T.F.] violates the Ex Post Facto clause of the United States Constitution and the retroactivity clause of Section 28, Article II of the Ohio Constitution. (Nov. 19, 2009, T.pp. 4-22); (A-10); (A-12).

Assignment of Error VI:

The trial court erred when it applied Senate Bill 10 to [T.F.], as the application of Senate Bill 10 to [T.F.] violates his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.

III.  The Classification Procedure

{¶9}    We begin our analysis by noting that T.F.'s appointed counsel did not object to the JSORN hearing or T.F.'s classification as a Tier III offender registrant. Normally, the failure to object would waive these issues for purposes of appeal. However, in *In re A.R.R.*, Ross App. No. 09CA3105, 2009-Ohio-7067, we addressed

the failure to object to similar issues.  Given the complexity of this new area of law, we determined that the interest of justice would best be served by not applying the strict waiver doctrine. Id. at ¶4.  We follow the rationale expressed in *A.R.R.* and will proceed to consider the merits of T.F.'s assignments of error.

### A.  The Nature of the Juvenile Offender Hearing

{¶10}  In his first assignment of error, T.F. contends the trial court erred when it classified him as a juvenile sex offender without considering whether the decision to hold a hearing on classification was discretionary or mandatory.  T.F. also contends that the court failed to consider certain statutory factors in deciding whether he should be classified as a juvenile offender registrant.

{¶11}  We begin by reviewing R.C. 2152.83(B)(1), which provides: "[t]he court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secure facility a hearing for the purposes described in division (B)(2) of this section if all of the following apply:

(a) The act for which the child is adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

(b) The child was fourteen or fifteen years of age at the time of committing the offense.

(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code * * *."

{¶12} It is clear that this statutory subsection applies to T.F.: (1) He was fifteen at the time of the offense; (2) the offense occurred on January 1, 2007; and (3) T.F. was not previously adjudicated for a sexually oriented offense. R.C. 2152.82 only requires a juvenile offender classification if the juvenile offender has previously been adjudicated for a sexually oriented offense.

{¶13} We have previously determined that R.C. 2152.83(B)(1) grants a court discretion in determining (1) whether to hold a hearing on juvenile sex offender registration; and (2) whether, at the conclusion of the hearing, to issue an order classifying a child as a juvenile offender registrant. *In re T.M.*, Adams App. No. 08CA863, 2009-Ohio-4224, at ¶13-14. We also concluded the court must consider the six factors listed in R.C. 2152.83(D) before exercising its discretion to classify a child as an offender registrant. Id.

{¶14} T.F. argues that the record demonstrates that the court did not realize it had any discretion. The State responds that T.F. has "dissected a small portion of the transcript and chose to interpret that as the court deciding registration was mandatory." However, the State does not direct us to any portion of the record that indicates the court recognized it possessed the discretion not to hold a hearing on juvenile offender registrant status or to classify T.F. with that status.

{¶15} Our review of the record of the hearing supports the contention that the court failed to recognize its own discretion. The court initially stated it was holding a "registration hearing which has become *necessary* as a result of the DYS contacting the court and advising the court they intend to transfer [T.F.] to a lighthouse, which by definition is not a secured facility, which *actually triggered the hearing.*" The court later

explained to T.F.'s parents: "typically in this type of case when a child, when your son, would be released from DYS – whenever that might be we'd *have to meet and have a hearing* * * * on how long and what type of requirements he would have to register with the Sheriff's Department [sic] where he might be residing as a juvenile sexual offender. Because the Department of Youth Services is considering a placement, uh, down in Ross County called Lighthouse, and the way it's set up, the way it's defined legally, we *have to have a hearing* now before he's sent to Lighthouse, so that's why we're having it now instead of at a later date." These comments clearly establish that the court operated under the mistaken assumption that it was required to conduct a juvenile offender registrant hearing. Moreover, we were unable to find any evidence in the record demonstrating that the court recognized it had discretion to hold the hearing.

{¶16} When a court fails to exercise discretion in the mistaken belief it does not exist, that failure amounts to an abuse of discretion. *State v. Zukowski*, Franklin App. No. 06AP-46, 2006-Ohio-5299, at ¶9, citing *Wolfe v. Wolfe* (Nov. 22, 1989), Pickaway App. No. 88-CA-18, 1989 WL 145455; *State v. Caudill* (1991), 75 Ohio App.3d 322, 334, 599 N.E.2d 395, Harsha, J., concurring in part and dissenting in part. Accordingly, we conclude that the court erred to the extent it failed to exercise discretion in determining whether to hold a hearing on T.F.'s juvenile offender registrant status and whether to classify him with that status.

{¶17} We decline to address T.F.'s separate argument concerning the trial court's failure to consider or apply the statutory factors contained in R.C. 2152.83(D). The court did not realize it had the discretion to hold a hearing, thus it goes without saying that it did not consider the statutory factors supporting the related but distinct

discretionary decision of whether to classify T.F. as a juvenile offender. Nonetheless, we proceed to analyze T.F.'s argument concerning whether the court had discretion in determining T.F.'s tier classification to avoid any confusion upon remand.

## B. The Nature of the Tier System

**{¶18}** T.F. argues in his second assignment of error that under R.C. 2950.01 the court possessed discretion in determining the tier of his sex offender classification and that the record demonstrates that the court failed to apply discretion. The State has conceded that this assignment of error is meritorious as we have consistently held that a trial court possesses discretion in classifying the tier of a juvenile offender registrant. See *In re J.M.*, Pike App. No. 08CA782, 2009-Ohio-4574, appeal accepted by Ohio Supreme Court; *In re A.M.*, Athens App. No. 09CA07, 2009-Ohio-7066, at ¶7; *In re F.L.S.*, Washington App. No. 09CA24, 2009-Ohio-6958, at ¶13; *In re A.R.R.* at ¶7.

**{¶19}** We reached the conclusion that classification under the tier system is discretionary when applied to juveniles by analyzing pertinent subsections within R.C. 2950.01, which provide the definitions of the three offender tier classifications. We compared the subsections specifically applicable to juveniles (R.C. 2950.01(E)(3), (F)(3), and (G)(3)) to the subsections in the same statute applicable to adult sex offenders (R.C. 2950.01(E)(1)/(2), (F)(1)(2), and (G)(1)/(2)).

**{¶20}** The subsections applicable only to adult offenders[2], operate mechanically. For example, one type of a Tier I adult sex offender is "[a] sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to * * * [a] violation of section 2907.06 [sexual imposition] * * *." R.C. 2950.01(E)(1)(a). A Tier III adult sex

---

[2] We know these subsections are applicable only to adult offenders because they employ the word "convicted." Juveniles are not "convicted" of crimes, but are rather "adjudicated delinquent."

offender is "[a] sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to * * * [a] violation of section 2907.02 [rape] * * *." R.C. 2950.01(G)(1)(a). Thus, there is nothing for the trial court to do but act ministerially.

{¶21} However, the subsection addressing juveniles is worded differently. Whether Tier I, Tier II, or Tier III, a juvenile sex offender is described as "[a] sex offender who is adjudicated a delinquent child for committing * * * *any sexually oriented offense* and who a juvenile court, pursuant to section 2152.82, 2152.83, 2152.84, or 2152.85 of the Revised Code, classifies a [Tier I, Tier II, or Tier III] sex offender/child-victim offender relative to the offense." R.C. 2950.01(E)(3), (F)(3), and (G)(3). (Emphasis added.)

{¶22} The inference derived from this comparison is that the legislature intended the court to have discretion in determining the tier classification of a juvenile offender. But in the case of an adult offender, the tier classification is determined by the nature of the crime committed.

{¶23} Further support for our conclusion is found in R.C. 2152.831, which requires a court to hold a hearing to determine "whether to classify the child a tier I sex offender/child-victim offender, a tier II sex offender/child-victim offender, or a tier III sex offender/ child-victim offender." R.C.2152.831(A). A hearing would be a pointless endeavor and a waste of judicial resources if classification of a juvenile offender was simply ministerial. And notably, a hearing is not explicitly required for adult offenders within S.B. 10. See, also, *In re C.A.*, Montgomery App. No. 23022, 2009-Ohio-3303, at ¶61 (commenting that this hearing provision "would be superfluous if the juvenile court's

classification determination were merely a ministerial act based solely on the offense that the delinquent child had committed").

**{¶24}** This and other issues involving the legality of the AWA are currently pending before the Supreme Court of Ohio. See *In re F.L.S.,* supra, at ¶13, fn.1. Nonetheless, our position comports with the large majority of other Courts of Appeals of this State. See *In re G.E.S.*, Summit App. No. 24079, 2008-Ohio-4076, at ¶37; *In re A.R.*, Warren App. No. CA2008-03-036, 2008-Ohio-6566, at ¶36; *In re Antwon C.*, 182 Ohio App.3d 237, 2009-Ohio-2567, 912 N.E.2d 182, at ¶13*; In re P.M.*, 182 Ohio App.3d 168, 2009-Ohio-1694, 912 N.E.2d 130, at ¶5; *In re J.K.*, Wood App. Nos. WD-09-054, WD-09-055, 2010-Ohio-1474, at ¶¶9-11; *In re C.A.*, supra; *In re D.P.*, Lake App. No. 2008-L-186, 2009-Ohio-6149, at ¶18. (judgment reversed in part on other grounds by *In re Sexual Offender Reclassification Cases*, --- N.E.2d ---, 2010-Ohio-3753, at ¶58). But, see *In re Smith*, Allen App. No. 1-07-58, 2008-Ohio-3234, at ¶31.

**{¶25}** In this case, the court clearly did not realize that it had discretion in determining T.F.'s juvenile offender registrant classification. The judgment entry indicates that the decision to classify T.F. as a Tier III offender registrant was based on T.F.'s adjudication for rape. The entry states that the court's decision was premised on: (1) T.F. had been adjudicated delinquent for rape; (2) because of this adjudication, T.F. fell under the Revised Code definition of a sex offender as defined in R.C. 2950.01(B)(1), a child victim offender as defined in R.C. 2950.01(D), and a juvenile offender registrant as defined in R.C. 2950.01(M). Although these findings are all appropriate, the court did not cite R.C. 2950.01(G)(3), the appropriate subsection describing a tier III juvenile offender registrant. Moreover, the judgment entry indicates

that in making its decision, the court may have inappropriately used the adult offender subsection, R.C. 2950.01(G)(1)(a): "[a] sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses: (a) A violation of section 2907.02 * * *."

**{¶26}** In any event, it is clear the court mistakenly concluded it had no discretion in this area.  Notably, the court stated: "[b]ecause of what [T.F.] pled to and was found to be a delinquent child for violating, uh, the statute that counsel referred to, uh, it's the Court's judgment and opinion that there is a requirement based on the facts of this case that he be classified as what's called a Tier III offender.  It can be one, two, or three, *depending on the nature of the case, or the charge*.  And the way the law is set out, and this changed in January of '08, it was a little different before then, and now it's called a Tier 3 registration requirement, uh, based on what he admitted to.  So, *I really don't have any discretion on that*, in my opinion."

**{¶27}** Later, the Prosecutor stated: "I think the law is very clear that when you are found to be a delinquent child and violate the offense, the child *shall* be listed as a Tier III registrant, there is no discretion to the Court * * *."

**{¶28}** Finally, the court stated: "[w]ell, again based on the admission that [T.F.] made to the Court concerning Count One of the Complaint, uh, based on the record that was made day [sic], uh, which was I believe October 5th, and we had a hearing on the 15th of October as well, and the other documents in the file, and the records that's been made here, the Court finds that the 2907.02 is defined – that's the charge that [T.F.] admitted to – is defined under 2950.01(A)(1) as a sexually oriented offense.  Therefore, under (B)(1) of the section, uh, [T.F.] has been convicted of a sexually oriented offense,

and under (c)(1) of that section also qualifies, uh, as a child victim offense, and, therefore, under Capital D, uh, is a child victim offender, uh, the Court agrees with the Prosecutor on this classification, uh, *these tiers you have to look at what code section was violated to actually pigeon hole it in to what tier there might be.  Now, there is some discretion on a lot of different factors*, on certain types of cases as to whether there should be registration or not; *however, I don't believe there is in this particular case*." (Emphasis added.)

**{¶29}**  It is obvious from reading the transcript that the court operated under the mistaken belief that it lacked discretion in determining T.F.'s classification and that his adjudication for rape mechanically required him to be classified as Tier III.  Accordingly, we find merit in T.F.'s second assignment of error.[3]

### IV. Constitutional Issues

**{¶30}**  In his third assignment of error, T.F. complains that S.B. 10 violates his rights to equal protection under the Federal and State Constitutions.  He argues that S.B. 10 "subjects some juvenile offenders to mandatory classification and registration while others are subject to discretionary sex offender classification and registration." In support of his argument, T.F. cites *Roper v. Simmons* (2005), 543 U.S. 551, 125 S.Ct. 1183, and certain statistical studies and data.  We recently rejected these exact arguments.  *In re C.P.*, Athens App. No. 09CA41, 2010-Ohio-1484, at ¶¶18-28.  T.F. sets forth no argument as to why we should reconsider *In re C.P.* Nor does he cite any binding authority contrary to *In re C.P.*  Consequently, we overrule this assignment of error.

---

[3] As we commented in previous cases addressing the juvenile offender laws, nothing in this opinion should be taken as a criticism of the trial court.  This is an emerging and complex area of the law that has led to much confusion throughout the State.

**{¶31}** In his fourth assignment of error, T.F. complains that he was deprived of effective assistance of counsel when trial counsel failed to raise constitutional objections to S.B. 10 when the court classified him as a juvenile offender registrant. Again, T.F.'s exact argument was rejected in *In re C.P.* because "we have rejected all of C.P.'s arguments that purport to demonstrate that S.B. 10 is unconstitutional. We find that had C.P.'s trial counsel raised those arguments, the trial court should have rejected them anyway. As such, C.P. cannot demonstrate that his counsel's performance was deficient." Id. at ¶34. T.F.'s appellate brief raises no new constitutional arguments that we did not already reject in *In re C.P.* Trial counsel cannot be deficient for failing to raise constitutional arguments that we have previously determined the court should have rejected. This assignment of error is also meritless.

**{¶32}** In his fifth assignment of error, T.F. complains that S.B. 10 violates the Ex Post Facto clause of the Federal Constitution and the retroactivity clause of Section 28, Article II of the Ohio Constitution. Again, T.F. sets forth an argument that we have rejected repeatedly in the past. See *In re T.M.*, supra at ¶30, citing *State v. Coburn,* Ross App. No. 08CA3062, 2009-Ohio-632, at ¶¶ 8-13; *State v. Randlett,* Ross App. No. 08CA3046, 2009-Ohio-112 (judgment reversed in part on other grounds by *Reclassification Cases*, supra, at ¶17), at ¶¶8-15; *State v. Linville,* Ross. App. No. 08CA3051, 2009-Ohio-313, at ¶¶7-12; *State v. Messer,* Ross App. No. 08CA3050, 2009-Ohio-312, at ¶¶7-13 (judgment reversed in part on other grounds by *Reclassification Cases*, at ¶136). T.F. sets forth no argument why we should reconsider that line of cases. Nor does he cite any binding authority that would compel us to reverse our position. And on that basis we reject this assignment of error.

{¶33} In his final assignment of error, T.F. complains that S.B. 10 violates his right to substantive due process under the Federal and State Constitutions. Specifically, T.F. contends that S.B. 10's public registration requirements violate his right to due process because they are punitive, i.e., they constitute a shaming punishment and are aimed at the penalogical goals of retribution and deterrence. Again, we rejected this argument in *In re C.P.* at ¶¶8-16. And again, we see no reason to revisit that decision. Accordingly, this final assignment of error is overruled.

V. Conclusion

{¶34} We sustain T.F.'s first and second assignments of error and hold that the trial court erred by failing to exercise discretion when determining whether T.F. was a juvenile offender registrant and classifying T.F. a Tier III juvenile offender. We overrule his third through sixth assignments of error on the bases set forth in the opinion. We remand this matter to the trial court for proceedings consistent with this opinion.

JUDGMENT REVERSED<br>AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
      William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**