[Cite as *In re S.R.*, 2017-Ohio-8412.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: S.R.                    :          APPEAL NO.  C-170366
                                          TRIAL NO. F15-732x

                               :          *O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 3, 2017

*Laursen & Lucas* and *Erik W. Laursen* for Appellant Mother,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald M. Geers,* Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Raymond T. Faller*, Hamilton County Public Defender, and *Allison McWhorter,* Assistant Hamilton County Public Defender, Guardian Ad Litem for S.R.

**MILLER, Judge.**

{¶1} Mother appeals the Hamilton County Juvenile Court's judgment adopting the magistrate's decision that granted legal custody of S.R., her minor child, to the child's paternal great-grandparents. In one assignment of error, Mother contends that the trial court failed to conduct a thorough analysis of S.R.'s best interest. For the following reasons, we overrule Mother's assignment of error and affirm the judgment of the trial court.

### There is a Final Order in this Case

{¶2} We must always satisfy ourselves that we have jurisdiction to hear an appeal. This court has "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * * ." Article IV, Section 3(B)(2), Ohio Constitution. We recently held that a trial court's entry is not a final order if it merely adopts a magistrate's decision without including a clear pronouncement of its judgment that expresses the parties' responsibilities and obligations. *In re A.T.*, 1st Dist. Hamilton Nos. C-160597, C-160598 and C-160599, 2017-Ohio-5821, ¶ 10; *see* R.C. 2505.02; Juv.R. 40(D)(4)(e). *A.T.* does not apply in this case for two independently sufficient reasons. First, the juvenile court signed the decision during the objection period, adopted it, and entered it as a judgment of the court, which became final when the objections were overruled. *See* Juv.R. 40(D)(4)(e)(i) and 40(D)(4)(d). Second, the disposition was stated in the trial court's judgment entry, and the magistrate's decision was accepted and approved. Either of these acts was sufficient to render the order appealed from final because each judgment entry clearly set forth the parties' responsibilities and obligations. Accordingly, we are vested with jurisdiction to hear this appeal.

2

### Facts and Analysis

{¶3} Harrison police officers contacted the Hamilton County Department of Job and Family Services ("HCJFS") in January 2015 with concerns about deplorable living conditions and Mother's mental health. S.R. was placed with her maternal great-grandparents, and HCJFS completed a short-term safety plan. Conditions improved, and S.R. was returned to her Mother's care. Soon after, police charged Mother with child endangering and possession of drug paraphernalia. The magistrate determined S.R. was at imminent risk of probable physical and emotion harm, granted HCJFS's motion for interim temporary custody, and placed S.R. in a foster home. In May 2015, the trial court adjudicated S.R. abused, neglected, and dependent. HCJFS was granted two extensions of temporary custody, and in March 2017, HCJFS moved to terminate temporary custody and award legal custody of S.R. to her paternal great-grandparents. S.R.'s guardian ad litem agreed, and the trial court granted HCJFS's motion.

{¶4} Pursuant to R.C. 2151.353, after a child is adjudicated abused, neglected, or dependent, the trial court may "[a]ward legal custody of the child to * * * any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings." R.C. 2151.353(A)(3). When determining to whom legal custody should be awarded, the juvenile court should base its determination on the best interest of the child. *See In re Allah,* 1st Dist. Hamilton No. C-040239, 2005-Ohio-1182, ¶ 10. We will not reverse the trial court's award of custody absent an abuse of discretion. *See In re Needom,* 1st Dist. Hamilton Nos. C-080107 and C-080121, 2008-Ohio-2196, ¶ 14. An abuse of discretion "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or

3

unconscionable attitude on the part of the court." *See Pembaur v. Leis,* 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982).

{¶5} In determining the best interest of the child, we look to the best-interest factors set forth in R.C. 2151.414. *In re A.C.,* 1st Dist. Hamilton No. C-140273, 2015-Ohio-153, ¶ 6. These factors include the child's interactions and relationships with his or her parents, relatives, and foster caregivers or any other out-of-home providers; the wishes of the child, expressed directly through the child or through the child's guardian ad litem; the custodial history of the child; and the child's need for a legally secure placement. *See* R.C. 2151.414(D)(1).

{¶6} In her sole assignment of error, Mother complains that the magistrate failed to adequately weigh S.R.'s best interest and improperly weighed the criminal history of Mother's ex-boyfriend. While the trial court did consider the ex-boyfriend's criminal history, the record contains ample evidence to support the trial court's determination.

{¶7} Here, the record demonstrates that the trial court properly considered S.R.'s best interest when it awarded legal custody to S.R.'s paternal great-grandparents. When S.R. was placed in foster care, she was five years old and she had not been receiving medical care. She had four cavities and had to have six teeth pulled. Initially, Mother made significant progress toward the goal of reunification by completing the Mental Health Court supervision program, but her attendance at appointments with her counselor and psychiatrist since that time was inconsistent. While S.R. expressed a desire to return to her Mother's care while she was in foster care, Mother was cited with drug-related offenses during this period and attended at least two therapy appointments with S.R. smelling of marijuana. Mother also missed two random urine screens and once tested positive for drugs. The caseworker testified that it was unclear

where Mother was living or where S.R. would be living if she was returned to her Mother's care. S.R.'s father stopped visiting her in early 2016.

{¶8} At the time of the hearing, S.R. had been in a foster home for two years and was in need of a legally secure placement. Her paternal great-grandparents had been visiting S.R. regularly and had overnight visits with her at their home for several months. Their home had been approved in a home study and they took foster-care classes to gain an understanding of what a child experiences while in foster care and how they could meet S.R.'s needs. They also testified about their positive relationship with S.R. and their willingness to facilitate visits with Mother and her extended family. HCJFS requested that the court award legal custody of S.R. to the great-grandparents, and S.R.'s guardian ad litem agreed with this request.

## Conclusion

{¶9} Accordingly, we conclude that the trial court's decision that a grant of legal custody to the paternal great-grandparents was in S.R.'s best interest was supported by competent, credible evidence, and was in no manner arbitrary, unreasonable, or unconscionable. We overrule Mother's sole assignment of error, and affirm the trial court's judgment.

Judgment affirmed.

ZAYAS, P.J., and DETERS, J., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.