[Cite as *State v. Buttery*, 2017-Ohio-9113.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160609 |
| | | TRIAL NO. B-1506464 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ROBERT BUTTERY, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 20, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Julie Kahrs Nessler*, Assistant Public Defender, for Defendant-Appellant.

**DETERS, Judge.**

### *Facts and Procedure*

### *1. The Juvenile Adjudications*

{¶1} On October 14, 2011, defendant-appellant Robert Buttery admitted in juvenile court to committing acts which, had they been committed by an adult, would have constituted two counts of gross sexual imposition. The magistrate's orders of November 17, 2011, each state that the parties agreed that "this is a Tier I offense." On December 2, 2011, Buttery was committed to the Department of Youth Services ("DYS"). The commitment was suspended, and Buttery was placed on "probation" and ordered to complete the residential program at Altercrest. The magistrate's January 13, 2012 decisions stated that "the youth is a Tier III sex offender" and "[u]pon completion of the dispositions that were made for the sexually oriented offense upon which the order is based, a hearing will be conducted, and the order and any determinations included in the order are subject to modification or termination pursuant to ORC 2152.84 and ORC 2152.85." At the ends of both decisions is typed, "THIS IS A TIER I CLASSIFICATION-- NOT TIER III." Buttery was notified of his duties to register as a Tier I juvenile-offender registrant. Both of the magistrate's January 13, 2012 decisions were signed by the juvenile court judge.

{¶2} On February 6, 2013, Buttery's placement at Altercrest was terminated. The juvenile court entered orders on July 29, 2013, releasing Buttery from "official probation" and placing him on "nonreporting probation with monitored time." On September 3, 2014, the magistrate denied Buttery's application to seal the record and noted that he was to register until 2022 unless reclassified. On October 14, 2014, the matter was set for an R.C.

2152.84 completion-of-disposition hearing. Various continuances occurred. On April 28, 2015, the magistrate entered decisions stating that a classification hearing had been held on January 13, 2012, and that Buttery had been classified as a Tier III offender. No judge's signature appears on these decisions, and no notice of reporting requirements was filed. On May 13, 2015, the juvenile court entered two separate orders stating, "After independent review, the Magistrate's Decision and Order in this matter as filed on 04/28/2015 is hereby approved and adopted as the Judgment of this Court." The record does not reflect that Buttery has had his completion-of-disposition hearing in the juvenile court.

### 2. The Criminal Case

{¶3} In the present case, Buttery was indicted for failing to register based on one of the juvenile gross-sexual-imposition adjudications. Buttery filed a motion to dismiss the indictment, which the trial court overruled. Buttery pleaded no contest, and the trial court found him guilty and sentenced him as appears of record. Buttery has appealed.

### Analysis

{¶4} Buttery's first assignment of error alleges that the trial court erred in overruling his motion to dismiss the indictment, because there is no valid order in place requiring him to register.

{¶5} The state argues that a motion to dismiss the indictment was not the appropriate vehicle to challenge Buttery's duty to register. In *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 23, the Ohio Supreme Court stated, "Under Crim.R. 12(C)(2), trial courts may judge before trial whether an indictment is defective. Without a doubt, an indictment is defective if it alleges violations of R.C. Chapter 2950 by a person who is not

subject to that chapter. There is no set of circumstances under which such a person can violate the law's requirements." The court continued, "[S]uch a determination does not embrace the general issue for trial," and the trial court is "well within its authority" to dismiss an indictment "where the law simply does not apply." *Id.* at ¶ 24. Therefore, Buttery's motion to dismiss the indictment was the proper vehicle to challenge whether he had a duty to register. *See State v. Amos*, 1st Dist. Hamilton Nos. C-160717 and C-160718, 2017-Ohio-8448, ¶ 5.

{¶6} Buttery alleges that there is no valid order in place requiring him to register. He argues that the January 13, 2012 orders classifying him as a juvenile-offender registrant are invalid because the trial court signed the magistrate's decision, but did not enter its own judgment as required by Juv.R. 40(D)(4)(e). Further, Buttery argues that the juvenile court judge's adoption of the magistrate's decisions was not date-stamped or file-stamped and was not filed with the clerk of courts.

{¶7} The record shows that the juvenile court judge signed each of the magistrate's January 13, 2012 decisions below the typed line stating, "The Magistrate's Decision is hereby approved and entered as the judgment of the Court." The decisions were entered on the juvenile court's journal. The decisions contained a clear pronouncement of the juvenile court's judgment and expressed the parties' rights and responsibilities. *See In re S.R.*, 1st Dist. Hamilton No. C-170366, 2017-Ohio-8412, ¶ 2, citing *In re A.T.*, 1st Dist. Hamilton Nos. C-160597, C-160598 and C-160599, 2017-Ohio-5821, ¶ 10. We hold that the January 13, 2012 decisions classifying Buttery as a Tier I juvenile-offender registrant are valid judgments of the juvenile court.

{¶8} Buttery next argues that his classification as a juvenile-offender registrant is void because the magistrate's April 28, 2015 entries improperly increased his classification from a Tier I offender to a Tier III offender. But the April 28 entries did not improperly increase his classification. The entries stated, "A classification hearing was held on 1/13/2012. The defendant was determined to be a Tier III sex offender." The "Tier III" is clearly a typographical error. On January 13, 2012, Buttery was classified as a Tier I juvenile-offender registrant and notified of his registration duties as a Tier I offender. The September 3, 2014 decisions denying Buttery's petition to seal the record state that Buttery "is a registered sex offender and is required to register until 2022, unless reclassified," indicating the ten-year registration period for Tier I juvenile-offender registrants. The record is clear that Buttery is a Tier I juvenile-offender registrant.

{¶9} Buttery also argues that the April 28, 2015 entries improperly allowed him to "withdraw" his completion-of-disposition hearing.

{¶10} R.C. 2152.84(A)(1) provides that when a juvenile court issues an order under R.C. 2152.83 classifying the juvenile as a juvenile-offender registrant, "upon completion of the disposition of that child made for the sexually oriented offense or the child-victim oriented offense on which the juvenile offender registrant order was based, the judge * * * shall conduct a hearing to review the effectiveness of the disposition * * * to determine whether the prior classification" should be continued, terminated, or modified. R.C. 2152.84(A)(1) states that the juvenile court *shall* hold a second hearing upon the completion of disposition.

{¶11} In *In re Antwon C.*, 182 Ohio App.3d 237, 2009-Ohio-2567, 912 N.E.2d 182, ¶ 20 (1st Dist.), we stated,

5

Juvenile [offender registrants] are afforded two classification hearings. First, under R.C. 2152.83, a juvenile is afforded a tier-classification hearing either as part of the child's disposition or, if the child is committed to a secure facility, when the child is released. Second, under R.C. 2152.84, when a child completes all aspects of the disposition, including probation and any ordered treatment, the trial court "shall conduct a hearing" to consider the risk of reoffending so that the trial court can determine whether the order to register as a sex offender should be continued or terminated. Further, at the reclassification hearing, the trial court must determine whether the specific tier classification in which the child has been placed is proper and if it should be continued or modified.

{¶12} Buttery is entitled to a completion-of-disposition hearing in the juvenile court. The record reveals, and the parties represented to the trial court, that Buttery had not had his completion-of-disposition hearing at the time he was convicted of failing to register. Pursuant to the juvenile court's January 13, 2012 decisions, he was a Tier I juvenile-offender registrant. The first assignment of error is overruled.

{¶13} Buttery's second assignment of error alleges that the trial court erred in convicting him of failing to register on his no-contest plea because there was no allegation that Buttery was "classified" as a juvenile-offender registrant. Buttery argues that the statement of facts read into the record when he pleaded guilty to failing to register did not include required language that he was "classified" as a juvenile-offender registrant, and therefore, the state failed to allege an essential element of the offense of failing to register.

6

{¶14} The indictment alleged that Buttery failed to register when he "was required to register pursuant to division (A) and (B) of this section or failed to send the notice of intent as required pursuant to division (G) of this section * * * and the most serious sexually oriented offense * * * that was the basis of the registration * * * requirement that was violated" was gross sexual imposition "convicted in the HAMILTON COUNTY JUVENILE COURT on OCTOBER 14, 2011, in violation of Section 2950.04 of the Revised Code." At the plea hearing, the prosecutor read the indictment into the record.

{¶15} We note that Buttery was not "convicted" of gross sexual imposition in the juvenile court, but was adjudicated delinquent for having committed acts that would have constituted gross sexual imposition had they been committed by an adult. Buttery argues that simply alleging that he had been "convicted" or adjudicated delinquent of gross sexual imposition was insufficient to allege that he had a duty to register. The state, Buttery argues, had to allege that he had also been classified by the juvenile court as a juvenile-offender registrant.

{¶16} The indictment alleged that Buttery "failed to register * * * when he was required to register * * * in violation of Section 2950.04 of the Revised Code." Buttery admitted to the facts as alleged in the indictment. Therefore, he admitted that he failed to register when he was required to register. That was enough for the trial court to find him guilty under R.C. 2950.04. The second assignment of error is overruled.

{¶17} Buttery's third assignment of error alleges that his conviction for failing to register was unconstitutional under *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, because it was based on a prior juvenile adjudication. In *Hand*, the Ohio Supreme Court held that the

"statute treating prior juvenile adjudications as the equivalent of adult convictions to enhance either the degree of or the sentence for subsequent offenses committed as adults violated due process * * *." *Id.* at syllabus. *Hand* involved the application of R.C. 2929.13(F)(6), which requires a mandatory prison term for a defendant who has committed a first- or second-degree felony if the defendant has been previously convicted of a first- or second-degree felony. R.C. 2929.13(F)(6) did not define "convicted," so the lower courts had applied R.C. 2901.08(A), which stated that an adjudication of delinquency was a conviction for purposes of determining the offense to be charged and the sentence to be imposed. The United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), held that "[o]ther than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The *Hand* court reasoned that "because a juvenile adjudication is not established through a procedure that provides the right to a jury trial, it cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum." *Hand* at ¶ 13.

{¶18} This court declined to extend *Hand* in *State v. Barfield*, 1st Dist. Hamilton No. C-160768, 2017-Ohio-8243, and *State v. Carnes*, 2016-Ohio-8019, 75 N.E.3d 774 (1st Dist.). In those cases, we held that *Hand* did not bar the use of a prior juvenile adjudication as the disability element for the offense of having weapons while under a disability, because the issue was the existence of the disability, not its reliability. We stated in *Barfield*,

> *Hand* concerned the due process implications of a statute that
>
> (1) equated a juvenile adjudication with an adult conviction,

8

and (2) treated the adjudication as a conviction to enhance a sentence. The statute in this case does not treat an adjudication as an adult conviction. The juvenile adjudication is a disability element in its own right. Further, the disability element in the statute is not a penalty-enhancing element. It is an element of the crime. Consequently, the due process concerns raised in *Hand* do not exist.

*Barfield* at ¶ 7.

{¶19} The Second Appellate District also declined to extend *Hand* to preclude the use of a juvenile adjudication as the disability element in a weapons-under-disability case in *State v. McComb*, 2d Dist. Montgomery No. 26884, 2017-Ohio-4010, stating,

> Pursuant to the statute, a violation of [the weapons-under-disability statute] requires an offender to either have a prior conviction *or* a prior juvenile adjudication. Unlike the statute that was struck down in *Hand*, the statute at issue, R.C. 2923.13(A)(2), does not treat a prior juvenile adjudication as a conviction. Rather, a prior juvenile adjudication and conviction are treated as alternative elements necessary to establish the offense of having weapons while under a disability. *Hand* does not ban the use of a prior juvenile adjudication as an element of an offense; rather, *Hand* bans the use of a juvenile adjudication to enhance a penalty by treating the adjudication as an adult conviction.

*Id.* at ¶ 26.

{¶20} In this case, R.C. 2950.04 distinguishes between an adult offender convicted of a sexually-oriented offense and a juvenile adjudicated delinquent and classified for having committed a sexually-oriented offense. While both are required to register under the statute, the registration requirements are based on either an adult conviction or a juvenile adjudication. The statute does not treat a juvenile adjudication as a conviction; the juvenile is required to register based upon the juvenile adjudication and classification. The registration requirement does not depend on an adult conviction. Like the juvenile adjudication constituting the disability element in the weapons-under-disability cases, the juvenile adjudication for a sexually-oriented offense requires registration in its own right. The juvenile adjudication is not a penalty-enhancing element; it is an element of the crime of failing to register.

{¶21} We hold that *Hand* does not bar the use of Buttery's juvenile adjudication as the basis of his indictment and conviction for failing to register. The third assignment of error is overruled.

{¶22} The judgment of the trial court is affirmed.

Judgment affirmed.

**MOCK, P.J.,** concurs.
**CUNNINGHAM, J.,** dissents.

**CUNNINGHAM, J.,** dissenting.

{¶23} I respectfully dissent for the reasons set forth in *State v. Carnes*, 2016-Ohio-8019, 75 N.E.3d 774 (1st Dist.). And thus, I would determine the first and second assignments of error to be moot.

Please note:
The court has recorded its own entry this date.